MEMPHIS AND SHELBY COUNTY BAR ASSOCIATION, COMPLAINANT, APPELLEE, *v.* H. D. HIMMELSTEIN, DEFENDANT, APPELLANT.*

(*Nashville*, December Term, 1931.)

Opinion filed July 23, 1932.

W. G. HALL, C. E. CLIFTON, F. M. HENDERSON and AUVERGNE WILLIAMS, for complainant, appellee.

*On construction of code, see 25 R. C. L., 1065.

CARUTHERS EWING, JR. and R. E. KING, for defendant, appellant.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

In this cause the defendant was suspended from the practice of law and appealed to this court. A motion is made to transfer the case to the Court of Appeals and this motion must be granted. .

Prior to the adoption of the Code of 1932, jurisdiction of appeals in such cases was clearly in the Court of Appeals, as we have often decided. In opposition to the motion to transfer it is urged that section 9977 of the Code provides for an appeal to this court. This section was taken from chapter 42 of the Acts of 1919 without change.

On the contrary section 10618 of the Code, taken without change from chapter 100 of the Acts of 1925, provides that "the jurisdiction of the Court of Appeals . . . shall extend to all civil cases except those involving constitutional questions, the right to hold a public office, workmen's compensation, state revenue, mandamus, in the nature of *quo warranto,* ouster, *habeas corpus,* and excepting cases which have been finally determined in the lower court on demurrer or other method not involving a review or determination of the facts, or in which all the facts have been stipulated."

That is to say the Code includes these two Acts without material change and accordingly it must be held that the Code embodied these Acts as they had been previously construed.

 Moreover section 13 of the Code provides "if provisions of different chapters or articles of the Code appear to contravene each other, the provisions of each chapter or article shall prevail as to all matters and questions growing out of the subject-matter of that chapter or article." The matter or question before us is the jurisdiction of the Court of Appeals and that is the subject-matter of section 10618 of the Code. That section accordingly prevails over the apparently contradictory provision of section 9977 of the Code, the subject-matter of which is the right of appeal of an attorney against whom disbarment proceedings have been instituted.

The motion to transfer is accordingly granted.