Woodroof *v.* City of Nashville *et al.*

(*Nashville,* December Term, 1945.)

Opinion filed March 5, 1946.

ELVIN WOODROOF and SEAY, STOCKELL & EDWARDS, all of Nashville, for complainant.

ANDREW D. TANNER, of Nashville, for Nashville Fire Fighters Ass'n.

CLAUDE CALLICOTT, of Nashville, for City of Nashville.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This case was formerly heard by the Court and transferred to the court of appeals upon authority of *Cumberland Trust Co.* v. *Bart,* 163 Tenn. 272, 43 S. W. (2d) 379. We assumed that the appeal was taken to this Court, upon the theory that the case below was tried on stipulation of facts. In reality, the stipulation was merely one as to the evidence to be included in the transcript and not a stipulation as to the determinative and ultimate facts. The case cited ruled that this Court had no jurisdiction of a matter of this kind.

A petition to rehear has been filed, from which it appears that the appeal was taken to this Court on the theory that the Supreme Court had jurisdiction under section 9015 of the Code, which provides that a party dissatisfied with the decree of the lower court may "appeal to the supreme court" from a decree of the lower court in a case arising from a board or commission and reviewed in the lower court by *certiorari* proceedings prosecuted under code, sections 9008-9018.

We had thought that this question was concluded by *Memphis and Shelby County Bar Association* v. *Himmelstein,* 165 Tenn. 102, 53 S. W. (2d) 378, which was an appeal from the chancery court to review the decree of that court in disbarment proceedings. Section 9977 of the Code, taken from chapter 42 of the Acts of 1919, which regulates disbarment proceedings, provided that in such

proceedings either party might except to the judgment of the trial court and might prosecute an appeal to the Supreme Court. In transferring to the court of appeals a case of this nature appealed to the Supreme Court, after giving another reason for our action, we said: "Moreover, section 13 of the Code provides: 'If provisions of different chapters or articles of the Code appear to contravene each other, the provisions of each chapter or article shall prevail as to all matters and questions growing out of the subject matter of that chapter or article.' The matter or question before us is the jurisdiction of the Court of Appeals, and that is the subject-matter of section 10618 of the Code. That section accordingly prevails over the apparently contradictory provision of section 9977 of the Code, the subject-matter of which is the right of appeals of an attorney against whom disbarment proceedings have been instituted." *Memphis and Shelby County Bar Association* v. *Himmelstein, supra,* 165 Tenn. at page 104, 53 S. W. (2d) at page 378.

While the foregoing seems to be determinative of the jurisdiction here, the matter, perhaps, deserved more elaboration, which we accordingly undertake. We set out section 9015 of the Code as to appeals in cases like this one and the first sentence of section 10618 of the Code in parallel columns:

"9015. Any party dissatisfied with the decree of the court may, upon giving bond as required by law in other chancery causes, appeal to the supreme court, where the cause shall be heard upon the transcript

"10618. The jurisdiction of the court of appeals shall be appellate only, and shall extend to all civil cases except those involving constitutional questions, the right to hold a public office, workmen's compensation,

of the record from the chancery court. Said appeal shall be advanced upon the docket of the supreme court as one of such precedence, and heard as promptly as practicable." state revenue, *mandamus*, in the nature of *quo warranto*, ouster, *habeas corpus*, and excepting cases which have been finally determined in the lower court on demurrer or other method not involving a review or determination of the facts, or in which all the facts have been stipulated." 

■ Quite obviously the above code sections "appear to contravene each other." Code Section 9015 gives the right of appeal to the Supreme Court in *certiorari* cases originating before boards or commissions, while Code Section 10618 gives jurisdiction of all civil cases to the court of appeals *except* cases enumerated, and it is a familiar rule of construction that enumeration of exceptions excludes all exceptions other than those enumerated. *Turner* v. *Eslick*, 146 Tenn. 236, 240 S. W. 786, and authorities cited.

■ The lawmakers were dealing specifically with the jurisdiction of the court of appeals when they enacted Section 10618. That was the subject matter of the section. The lawmakers were dealing generally with the right of appeal in certain *certiorari* cases in the enactment of Section 9015. That was the subject matter of that section, not the jurisdiction of the court of appeals. Such being the situation, we think Section 13 of the code is applicable and to this effect, in addition to *Memphis and Shelby County Bar Association* v. *Himmelstein, supra*, see *State* v. *Safley, Chairman, et al.*, 172 Tenn. 385, 112 S. W. (2d) 831.

488

Aside from Section 13 of the Code there are certain well settled rules of statutory interpretation which strengthen our conclusion as to where jurisdiction of this appeal lies.

The Code of 1932 is nothing but a comprehensive act of the General Assembly of 1931. An established rule of construction is that where there is an irreconcilable conflict between two sections of a statute, the one last mentioned will control. *May Co.* v. *Anderson,* 156 Tenn. 216, 300 S. W. 12; *Southern R. Co.* v. *Grigsby,* 155 Tenn. 285, 292 S. W. 3. Under this rule, Section 10618 prevails over Section 9015.

Another rule of statutory interpretation is that a special statute or a special provision of a particular statute controls a general provision in another statute or a general provision in the same statute. This rule is learnedly discussed in *State* v. *Safley, Chairman, et al.,* 172 Tenn. 385, 112 S. W. (2d) 831.

As noted in the last-mentioned case the reason and philosophy of the rule is that where the mind of the legislature has been turned to the details of a subject and they have acted upon it, a statute treating the subject in a general manner should not be considered as intended to affect the more particular provision. In the enactment of Section 10618 of the Code of the legislative mind was particularly directed to the subject of the jurisdiction of the appellate courts and the division of jurisdiction between those two courts. The enactment of Section 9015 of the Code was directed generally to the right of appeal in a certain class of cases and not to appellate jurisdiction of particular courts.

The rule we have last considered in its usual application is employed when the general provision is sequent to the special provision. It has even clearer

application where the special provision follows the general provision. In the later case there is a repeal by implication of so much of the general provision as is in irreconcilable conflict with the special provision.

We recognize that the prime purpose of statutory interpretation is to ascertain and give effect to the legislative intent. That all rules of construction yield to the achievement of this end. This Court has declared that for the purpose of determining the meaning, although not the validity of a statute, recourse may be had to considerations of public policy and to the established policy of the legislature as disclosed by the general course of legislation. *State* v. *Temple*, 142 Tenn. 466, 220 S. W. 1084, following 36 Cyc. 1111.

Legislative policy for many years has been to relieve the Supreme Court of the necessity of investigating issues of fact and to concentrate the work of that Court on issues of law. We wrote of this policy in *Hibbett* v. *Pruitt*, 162 Tenn. 285, 291, 292, 36 S. W. (2d) 897, 899, as follows: "One of the chief burdens of the Supreme Court of Tennessee has been the investigation of the facts in equity appeals. The Legislature has had this condition in mind for more than thirty years in the various enactments with reference to intermediate courts. Chapter 76 of the Acts of 1895 creating the Court of Chancery Appeals, dealt solely with equity appeals. Chapter 82 of the Acts of 1907, creating the Court of Civil Appeals, gave that court a large jurisdiction of chancery appeals. The intent to expedite the disposition of chancery appeals is particularly obvious in chapter 100 of the Public Acts of 1925, creating the Court of Appeals, and chapter 68 of the Public Acts of 1927, amending that act, as is evidenced by the especial provisions for findings of fact

by the chancellors and by the Court of Appeals and the provisions as to the effect of such findings in this court."

While the foregoing observations were made in regard to the finding of facts in equity cases, they apply with equal force to civil cases from courts of law. Indeed, unless a civil case falls within one of the other exceptions, Section 10618 excludes the jurisdiction of this Court if it is not finally determined in the lower court by a method not involving a review of the facts.

We find nothing in Code Sections 9008-9018 indicating a legislative intent to depart from a policy of the lawmakers pursued for many years. So in dealing with Section 9015 of the Code we feel free to apply the rules of statutory construction heretofore considered and to hold that the section insofar as it gives appellate jurisdiction to the Supreme Court must yield to Section 10618, which gives appellate jurisdiction of the case to the court of appeals.

For the reasons stated, the order heretofore entered transferring the case to the court of appeals remains in effect and the application to reconsider is dismissed.