John C. Hammer, C. L. Pentecost and Hammond Fowler, Commissioners, Composing the Tennessee Public Service Commission and the Greyhound Corporation

*v.*

Franklin Interurban Company and C. V. Buttrey and L. L. Treanor D/B/A Tennessee Trailblazers.

354 S. W. 2d 241.

(*Nashville,* December Term, 1961.)

Opinion filed February 8, 1962.

K. Harlan Dodson, Jr., Nashville, for appellant Greyhound Corp.

George Shuff, General Counsel, Nashville, for commission.

Harold Seligman, Nashville, for appellees.

MR. JUSTICE DYER delivered the opinion of the Court.

In this opinion Franklin Interurban Company, C. V. Buttrey and L. L. Treanor, D/B/A Tennessee Trailblazers are referred to as "Appellees," John C. Hammer, C. L. Pentecost and Hammond Fowler, Commissioners, composing the Tennessee Public Service Commission as "Commission," and the Greyhound Corporation as "Appellants."

The facts in this matter are not in dispute. Appellees in March 1960 at the request of the principal transported high school students from Murfreesboro, Tennessee to Nashville, Tennessee to attend a basketball tournament at Vanderbilt, and return.

Appellants filed a protest with the Commission setting out they were certificated by the Commission to carry passengers over certain designated routes and to render charter service from points originating on their routes. Appellees were likewise certificated by the Commission over certain routes with the same charter provision. The Murfreesboro, Tennessee route is certificated to Appellants and not to Appellees, and Appellees in rendering

charter service originating from Murfreesboro were in excess of their authority.

In their answer to this protest Appellees set out they were solicited by the principal of the high school for this service and in rendering such service they are exempt from the regulations of the Commission under authority of Section 65-1503(g), T.C.A.

From the hearing before the Commission there developed the only question at issue, which may be stated as follows:

"Is a carrier duly certificated by the Commission to transport passengers, when making a casual trip upon solicitation of the party to be served exempt from the jurisdiction of the Commission under Section 65-1503(g), T.C.A.?"

The Commission on this question held as follows:

"Upon consideration of the entire matter and construing 65-1503(g). T.C.A., in pari materia with the other sections of the Regulatory Act, and especially Chapter 15, this Commission is of the opinion that such service when rendered by a certificated carrier is not excluded from regulation by this Commission under 65-1503(g). T.C.A."

The Commission then ordered the Appellees to cease and desist from rendering any charter service which does not originate on their certificated routes or within the vicinity immediately adjacent thereto.

The Appellees filed petition for certiorari and supersedeas in the Chancery Court for Davidson County to review the action of the Commission. To this action Appellants filed a demurrer on two grounds as follows:

"1. There is no equity on the face of the bill.

"2. Section 65-1503(g) of the Tennessee Code Annotated does not exclude such service as that admittedly rendered by the petitioner from the regulatory jurisdiction of the Tennessee Public Service Commission."

This cause was heard by the Chancellor on motion to dispose of the demurrer, and he held since Section 65-1503(g) contains no qualifications whatsoever with respect to who furnishes the service, nor to the type of equipment used, that the service furnished by Appellees herein complained of falls directly within the provisions of this exemption.

The decree entered overrules the demurrer and reverses the judgment of the Commission. From this decree a discretionary appeal has been prayed and granted to this Court assigning this action of the Chancellor as error.

The decision in this matter requires the construction of Section 65-1503, T.C.A., which is a part of the "Motor Carriers Act" enacted as Chapter 119, Public Acts of 1933, now carried as Code Sections 65-1501 to 65-1525, (inclusive). By this act the legislature gave the Commission rather broad authority in regulating motor carriers in the transportation of passengers or property for hire over the highways of the state.

Section 65-1503 is the exemption section of these statutes, and lists eight exemptions, (a) through (h). This statute in reference to the motor vehicles exempted uses different words, which are words of limitation. In (a), (c), (d) and (e) the words are vehicles "used exclusively" in rendering certain types of service. In (f) it

is the words "operated for the sole purpose." In (h) it is the owner, lessee of bailee, "legally and regularly" engaged in a certain business. In (b) there are no similar words of limitations. In (g), the exemption at issue in this cause, the statute limits the exemption to a carrier making "casual trips * * * solicited by the party served."

It is not disputed for Appellees to come within the exemption under (g) the request for the service will have to be made by the party to be served, that is Appellees could not solicit and come within this exemption. Then the question arises, what is the meaning of the word "casual" as used in this statute. The word "casual" by generally accepted dictionaries means among other things, "occurring or performed without regularity," "occasional," "accidental."

█ In determining the meaning of a word used in a statute the Court should consider it in connection with the subject and other words used with it. *Louisville & Nashville R. R. Co. v. Carroll County,* 12 Tenn.App. 380.

Considering the word "casual" in connection with the other words used with it; the general subject matter of the statute; and the facts of this case; then the question arises, does the language of a statute requiring a trip made by a carrier in order to fall within this exemption, be made occasionally or without regularity, upon request of the party to be served, apply to a carrier certificated by the Commission to carry passengers.

The Appellees are certificated by the Commission to carry passengers, in other words the carrying of passengers is a part of their regular business.

To adopt the position of Appellees would be to say in substance; that a carrier duly certificated by the Com-

mission to carry passengers over certain routes could make an occasional charter trip, over any route, exempt from the jurisdiction of the Commission on the basis; "they called us—we did not call them." We think this would be an unusual, if not absurd conclusion. In construing a statute the rule is, that Courts will not adopt a construction which would effectuate an absurd result. *West v. State,* 140 Tenn. 358, 204 S.W. 994.

In the construction of a statute the prime purpose is to ascertain and give effect to the legislative intent, and in so doing the statute is taken as a whole and viewed in the light of its general purpose. *Woodroof v. City of Nashville,* 183 Tenn. 483, 192 S.W.2d 1013; *McGill & Daugherty v. Kefauver,* 175 Tenn. 667, 137 S.W.2d 279.

In Section 65-1501 the Legislature has set out the purpose of this legislation. It is declared this legislation is for the sole purpose of promoting and conserving the interest and convenience of the public by conferring upon the Commission the power and authority, and making it the duty of said Commission to supervise and regulate the transportation of persons and property by motor vehicle on the public highways of this state for four reasons specified in this section.

The legislature by Section 65-1525 has directed Chapter 15 be given a liberal construction in favor of the authority of the Commission to the end that they may govern and control operations of motor carriers in the public interest.

Construing this section in para materia with other sections of Chapter 15, Title 65, we are of the opinion that carriers duly certificated by the Commis-

sion to carry passengers are not exempted from the jurisdiction of the Commission, whereby they can make casual trips, upon solicitation of the party served under Section 65-1503(g).

The judgment of the Chancellor is reversed and the judgment of the Commission affirmed