IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE

## KENNETH L. STOREY v. RANDALL E. NICHOLS, ET AL.

**Appeal as of Right from the Chancery Court for Knox County**
**No. 135462-2      David Cate, Chancellor**

---

**No. E1998-00851-SC-R3-CV - Decided May 1, 2000**
**FOR PUBLICATION**

---

The dispositive issue in this case is whether an appeal as of right from a trial court's judgment in an attorney-disciplinary proceeding initiated pursuant to Tenn. Code Ann. §§ 23-3-201–204[1] lies in the Court of Appeals or in the Supreme Court. Because we hold that jurisdiction over an appeal as of right in a statutory disciplinary proceeding lies in the Court of Appeals, we reverse the intermediate appellate court's order transferring the case to the Supreme Court, and we transfer the case to the Court of Appeals for its review on the merits.

**Tenn. R. App. P. 3; Transfer Order of the Court of Appeals Reversed; Case Transferred to Court of Appeals**

HOLDER, J., delivered the opinion of the court, in which ANDERSON, C.J., and DROWOTA, BIRCH and BARKER, JJ., joined.

Kenneth L. Storey, Henning, Tennessee, Pro Se

---

[1]Tenn. Code Ann. § 23-3-201 provides in pertinent part:

> Grounds for disbarment or discipline.-- Any attorney, solicitor or counselor at law admitted to practice in the courts of the state may be disbarred or suspended from the practice of law who:
>
> (1)  Commits, or may have committed, any infamous crime or misdemeanor involving moral turpitude;
> . . .
> (5)  Is guilty of any unprofessional conduct, dishonesty, malpractice or any conduct which renders such person unfit to be a member of the bar.

Tenn. Code Ann. § 23-3-202(a) provides in pertinent part: "[p]roceedings may be instituted in any circuit, chancery, or criminal court . . . by petition duly verified and sworn to by . . . [an] individual aggrieved by the act or conduct of such attorney."

Paul G. Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General, and Meredith DeVault, Senior Counsel, for the Appellees, Randall E. Nichols, et al.

## OPINION

The plaintiff, Kenneth L. Storey, is currently incarcerated for a conviction of aggravated rape. On August 29, 1997, he filed a "petition for disciplinary proceedings pursuant to T.C.A. §§ 23-3-201, 23-3-202, and conspiracy to obstruct justice, negligent misrepresentation, defamation of character in violation of plaintiff's constitutional rights to due process and equal protection of the law, and R.I.C.O. Act 18 U.S.C.A. § 1961."

Storey's petition named as defendants the State's attorneys who prosecuted his aggravated rape case. The petition alleged that District Attorney General Randall E. Nichols, former Assistant District Attorney General Greg Harrison, and Assistant District Attorney General Charles E. Cerney were guilty of criminal conspiracy, prosecutorial misconduct, and violations of Tenn. R. Sup. Ct. 9. The petition demanded a jury trial and sought monetary relief. The petition also sought an injunction barring further prosecution of Storey during the pendency of his complaint for disciplinary proceedings and an injunction barring the defendants from further "interfering with, preventing, thwarting the plaintiff and any other accused in reiceiving [sic] their due justice from the courts guaranteed by the federal and state constitutions and pursuant to T.C.A. § 23-3-201 and 23-3-202."

The defendants filed a motion to dismiss and/or for summary judgment. The motion alleged the following grounds: that the trial court lacked jurisdiction over the alleged criminal violations; that the complaint failed to allege a basis for institution of disciplinary proceedings under Tenn. Code Ann. § 23-3-201 et seq.; that prosecutorial immunity barred a 42 U.S.C. § 1983 claim for monetary relief; that the requested injunctive relief was moot; that the defendants were protected by absolute immunity under Tenn. Code Ann. § 9-8-307; and that the complaint lacked merit. The trial court granted a summary judgment to the defendants.

Storey filed a pro se Notice of Appeal in which he stated that he "hereby appeals to the Tennessee Supreme Court, pursuant to Rule 9, §§ 1.3 and 1.4." Notwithstanding the language of the Notice of Appeal, the appellate court clerk's office filed the appeal in the Court of Appeals. Storey filed a "petition for retransfer of appeal to the Supreme Court pursuant to Rule 9, § 1.3 and § 1.5." The Court of Appeals entered an order granting Storey's petition and transferred the case to this Court.

## ANALYSIS

There are two methods for an individual to initiate a disciplinary proceeding against an attorney in Tennessee. The first is governed by Tenn. R. Sup. Ct. 9 and is a disciplinary proceeding brought before the Board of Professional Responsibility. The second method is governed by Tenn. Code Ann. §§ 23-3-201–204 and consists of a statutory disciplinary proceeding filed in state court. See Ex Parte Chattanooga Bar Ass'n, 566 S.W.2d 880, 884 (Tenn. 1978) (stating that while not "an

alternative disciplinary procedure for use by any bar association or bar committee[,] [a]ny individual aggrieved by the act or conduct of an attorney may avail himself of the statute, or of course may file his complaint with the disciplinary counsel."); Chapdelaine v. Haile, 548 S.W.2d 656, 658-59 (Tenn. 1977) (stating that Rule 42–now Rule 9–was not intended to supplant the statutory proceeding). The pending proceeding was filed in chancery court pursuant to Tenn. Code Ann. §§ 23-3-201–204.[2]

As for the first method (a disciplinary proceeding pursuant to Rule 9), the manner for appealing the trial court's decision is set out in Rule 9, § 1.3, which provides:

> Either party dissatisfied with the decree of the circuit or chancery court may prosecute an appeal direct [sic] to the Supreme Court . . . . Prior decisions of this Court holding that appeal of disciplinary proceedings must be taken to the Court of Appeals because T.C.A. § 16-4-108 so requires are expressly overruled.

Tenn. R. Sup Ct. 9.

Based upon the preceding quotation, one might conclude that Rule 9, § 1.3 governs appeals in both types of attorney-discipline proceedings. However, read in the overall context of Rule 9, that appeal provision only applies to proceedings brought before the Board of Professional Responsibility pursuant to the rule. The appeal procedure stated in Rule 9 does not apply to the appeal of a statutory disciplinary proceeding. To determine the proper procedure for appealing a statutory disciplinary proceeding, we must turn to § 23-3-204 and the case law construing that statute.

Tennessee Code Annotated § 23-3-204 provides that "[i]n all proceedings either party may except to the judgment of the trial court, and may prosecute an appeal to the supreme court." On its face, § 23-3-204 clearly appears to provide for a direct appeal to the Supreme Court. However, in Memphis & Shelby County Bar Ass'n v. Himmelstein, 165 Tenn. 102, 53 S.W.2d 378 (Tenn. 1932), the Court held that, notwithstanding Code 1932, § 9977 (now Tenn. Code Ann. § 23-3-204), an appeal of a statutory disciplinary proceeding properly lies in the Court of Appeals pursuant to Code 1932, § 10618 (now Tenn. Code Ann. § 16-4-108).

Himmelstein was a statutory disciplinary proceeding in which the defendant-attorney had been suspended from the practice of law and had appealed directly to the Supreme Court. The plaintiff filed a motion to transfer the case to the Court of Appeals. In response, the defendant-attorney apparently argued that "section 9977" (now Tenn. Code Ann. § 23-3-204) provided a direct appeal to the Supreme Court.

---

[2] In his pro se pleadings, the plaintiff cited both Rule 9 and the statute (§§ 23-3-201–204) as bases for his claims. However, as stated above, these are alternative methods for initiating a disciplinary proceeding. Because he filed this proceeding in state court rather than before the Board of Professional Responsibility, we consider it as a statutory disciplinary proceeding.

The Court rejected the defendant's argument. The Court first noted that "[p]rior to the adoption of the Code of 1932, jurisdiction of appeals in such cases was clearly in the Court of Appeals." The Court then noted that although "section 9977" had been reenacted in the 1932 Code, "section 10618" (now Tenn. Code Ann. § 16-4-108(a)(1)) had also been reenacted in the 1932 Code.[3] In granting the plaintiff's motion to transfer the case to the Court of Appeals, the Supreme Court stated:

> [T]he Code includes these two acts without material change, and accordingly it must be held that the Code embodied these acts as they had been previously construed.
>
> Moreover, section 13 of the Code provides: "If provisions of different chapters or articles of the Code appear to contravene each other, the provisions of each chapter or article shall prevail as to all matters and questions growing out of the subject matter of that chapter or article." The matter or question before us is the jurisdiction of the Court of Appeals, and that is the subject-matter of section 10618 of the Code. That section accordingly prevails under the apparently contradictory provision of section 9977 of the Code, the subject-matter of which is the right of appeal of an attorney against whom disbarment proceedings have been instituted.

Himmelstein, 165 Tenn. at 102 , 53 S.W.2d at 378. See also Hamby v. McDaniel, 559 S.W.2d 774, 776 (Tenn. 1977) (stating that "the fact that the legislature has not expressed disapproval of a judicial construction of a statute is persuasive evidence of legislative adoption of the judicial construction, especially . . . where the law . . . is reenacted without change in the part construed.").

Himmelstein controls the result in the pending case. Although Tenn. Code Ann. § 23-3-204 appears to provide for a direct appeal to the Supreme Court, the reenactment of § 23-3-204 (then "section 9977") in the 1932 Code (and in subsequent codes) must be read in light of the courts' prior construction of the statute. Under Himmelstein, an appeal as of right from the trial court's decision in a statutory disciplinary proceeding must be taken to the Court of Appeals.

---

[3]As quoted in Himmelstein, section 10618 provided: "The jurisdiction of the court of appeals . . . shall extend to all civil cases except those involving constitutional questions, the right to hold public office, workmen's compensation, state revenue, mandamus, in the nature of quo warranto, ouster, habeas corpus, and excepting cases which have been finally determined in the lower court on demurrer or other method not involving a review or determination of the facts, or in which all the facts have been stipulated." Himmelstein, 165 Tenn. at 102, 53 S.W.2d at 378. The current version of this statute, Tenn. Code Ann. § 16-4-108(a)(1), provides: "The jurisdiction of the court of appeals is appellate only, and extends to all civil cases except workers' compensation cases and appeals pursuant to § 37-10-304(g)."

**CONCLUSION**

The Court of Appeals has appellate jurisdiction over appeals as of right from attorney-discipline proceedings initiated pursuant to Tenn. Code Ann. §§ 23-3-201–204. The Court of Appeals therefore erred in transferring this appeal to the Supreme Court. We transfer the case to the Court of Appeals for its review on the merits.

We note for the benefit of the Court of Appeals that we appointed counsel to represent the pro se appellant. However, the appellant subsequently moved to disqualify his appointed counsel, and the Court granted the motion. As a result, the appellant is proceeding pro se.

The taxing of costs pertaining to the "petition to retransfer" shall await and be included in the final taxing of costs.