IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 16, 2001 Session

## ERNEST J. FRYE v.
## BLUE RIDGE NEUROSCIENCE CENTER, P.C., et al.

**Appeal from the Law Court for Sullivan County**
**No. C33344(M)    John S. McLellan, III, Judge**

**FILED MARCH 12, 2001**

**No. E2000-02155-COA-R9-CV**

Plaintiff sued Defendants on November 25, 1998, alleging medical malpractice. Summonses were issued but never served on Defendants or returned to the court. Process was never reissued on the first Complaint. A voluntary nonsuit was entered by the Trial Court on June 8, 1999. On November 22, 1999, Plaintiff refiled a similar lawsuit, process issued, and Defendants were served the next day. Defendants filed summary judgment motions claiming that the statute of limitations had run because Plaintiff failed to have process reissued on the first Complaint as required by Rule 3 of the Tenn. R. Civ. P. Plaintiff claimed compliance with Rule 3, and, therefore, that the second lawsuit was filed within the statute of limitations. The Trial Court denied the summary judgment motions after determining that Defendants had actual notice of the first lawsuit and thus the spirit of the rules had been complied with. The Trial Court granted Defendants' request for an interlocutory appeal. We granted this interlocutory appeal to decide whether Plaintiff can comply with Rule 3 of the Tenn. R. Civ. P. not by obtaining issuance of new process in his original lawsuit within the one year period provided for in Rule 3, but instead by voluntarily dismissing the first lawsuit and refiling a similar lawsuit with the issuance of process in the second lawsuit within the one year period. Our answer is "no." We reverse the decision of the Trial Court.

**Interlocutory Appeal Pursuant to Rule 9, Tenn. R. App. P.;**
**Judgment of the Law Court Reversed; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and CHARLES D. SUSANO, JR., J., joined.

Jimmie C. Miller, Kingsport, Tennessee, for the Appellant Blue Ridge Neuroscience Center, P.C.

William T. Gamble and Russell W. Adkins, Kingsport, Tennessee, for the Appellant Gregory N. Corradino, M.D.

Olen G. Haynes, Johnson City, Tennessee, for the Appellee Ernest J. Frye.

## OPINION

## Background

The first Complaint in this medical malpractice action was filed on November 25, 1998, in the Law Court for Sullivan County, Tennessee. At that time Ernest J. Frye ("Plaintiff") was represented by counsel in Norton, Virginia. In the first Complaint, Plaintiff claimed Defendant Gregory N. Corradino, M.D. ("Defendant Corradino") was negligent in providing medical treatment after Plaintiff was in an automobile accident and suffered neck injuries. Although the date(s) of the alleged negligence are not specifically set forth in the Complaint, it is clear that any alleged negligence occurred on or before January 18, 1998. Plaintiff also sued Dr. Corradino's employer, Blue Ridge Neuroscience Center, P.C. ("Defendant Blue Ridge").

When the original Complaint was filed, summonses were issued and given to Plaintiff's counsel. The summonses were never returned to the court indicating whether or not service had been accomplished on either Defendant. It is undisputed that Defendants were never served with process and that process was never reissued. Neither Defendant made an appearance in the original lawsuit and no answers were filed. On February 26, 1999, counsel for Defendant Blue Ridge sent a proposed Notice of Voluntary Dismissal and a proposed Order of Voluntary Dismissal to Plaintiff's counsel. Defendant Blue Ridge was, therefore, aware of the lawsuit, as well as the court in which it was pending and the docket number. In the proposed notice, the certificate of service indicated that a copy of the notice and order were being sent to counsel for both Defendants. The proposed notice and order were not utilized by Plaintiff, who on June 7, 1999, filed a different Notice of Voluntary Dismissal and proposed Order. This notice did not contain a certificate of service. The Order granting the voluntary dismissal pursuant to Rule 41.01 of the Tenn. R. Civ. P. was entered by the Trial Court on June 8, 1999.

On November 22, 1999, Plaintiff, represented by different counsel, filed a second Complaint. Process issued that same day and Defendants were served on November 23, 1999. Although the first and second Complaints are different, Plaintiff sued the same Defendants and asserted the same causes of action that were alleged in the first Complaint, although the alleged negligent acts are set out with more specificity in the second Complaint. In the first Complaint, Plaintiff sought $500,000.00 in damages. In the second Complaint, Plaintiff increased the amount of damages he was seeking to $750,000.00.

On January 21, 2000, Defendant Corradino filed a Motion for Summary Judgment pursuant to Rule 56 of the Tenn. R. Civ. P. A similar motion was filed by Defendant Blue Ridge on January 31, 2000. Both Defendants asserted that the second Complaint was not filed within the applicable one-year statute of limitations set forth in Tenn. Code Ann. § 29-26-116. They also argued that the saving statute, Tenn. Code. Ann. § 28-1-105, was not applicable because Plaintiff had not reissued process on the first Complaint within one year as required by Rule 3 of the Tenn. R. Civ. P.

On June 30, 2000, the Trial Court entered an Order denying the summary judgment motions. The Trial Court concluded that Defendants had actual, but not technical, notice of the first lawsuit. According to the Trial Court, this actual notice, coupled with the liberal construction of Rule 3 of the Tenn. R. Civ. P., was sufficient to comply with the spirit of the rules of civil procedure and, therefore, the action was not time barred. Defendants filed an Application for Permission to Take an Interlocutory Appeal, which was granted by the Trial Court. We granted permission for Defendants' interlocutory appeal pursuant to Rule 9, Tenn. R. App. P.

## Discussion

This interlocutory appeal requires us to decide whether Plaintiff can rely upon the commencement of the original lawsuit to toll the running of a statute of limitations when Plaintiff failed to obtain issuance of new process on the first Complaint within the one year period required by Tenn. R. Civ. P. 3, and instead recommenced suit by filing a second lawsuit with process issued in the second lawsuit within that one year. Plaintiff argues that the filing of the second Complaint with process issuing thereon satisfies the requirements of Rule 3 allowing him to rely upon the original commencement of the first suit to toll the statute of limitations. Defendants argue that Rule 3 was not complied with because process was not reissued on the first Complaint, and Plaintiff cannot rely on the original commencement to toll the statute of limitations. This issue involves a question of law and our scope of review is *de novo* with no presumption of correctness accompanying the Trial Court's legal conclusions. *See Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993); Rule 13(d) Tenn. R. App. P.

Because the issue before us requires interpretation of the interaction between the saving statute, T.C.A. § 28-1-105, and Rule 3 of the Tenn. R. Civ. P., we will first discuss the applicable rules of statutory construction.[1] The role of the courts in construing statutes is to ascertain and give effect to the legislative intent. *Cronin v. Howe*, 906 S.W.2d 910, 912 (Tenn. 1995); *Wilson v. Johnson County*, 879 S.W.2d 807, 809 (Tenn. 1994). "Legislative intent is to be ascertained whenever possible from the natural and ordinary meaning of the language used, without forced or subtle construction that would limit or extend the meaning of the language." *Cronin*, 906 S.W.2d at 912. The Supreme Court in *Cronin* also pointed out that:

> If necessary to a determination of the meaning of a statute, however, recourse may be had to considerations of public policy and to the established policy of the Legislature as evidenced by a general course of legislation. *Woodroof v. City of Nashville*, 183 Tenn. 483, 192 S.W.2d 1013, 1015 (Tenn. 1946).

---

[1] Although Rule 3 of the Tenn. R. Civ. P. is not a statute, "the rules governing practice and procedure in the trial and appellate courts of this state are promulgated by the joint action of the legislature and the Supreme Court. They have the force and effect of law." *Richards v. Newby*, 1991 WL 163541 at * 3 (Tenn. Ct. App. Aug. 27, 1991)(citing *Crosslin v. Alsup*, 594 S.W.2d 379 (Tenn. 1980)). Accordingly, we will apply the same rules of statutory construction that would be applicable if two statutes were being interpreted.

A construction which places one statute in conflict with another must be avoided; therefore, we must resolve any possible conflict between statutes in favor of each other, so as to provide a harmonious operation of the laws. *State By and Through Pierotti ex rel. Boone v. Sundquist*, 884 S.W.2d 438, 444 (Tenn. 1994). In the event two acts conflict and cannot be reconciled, the prior act will be repealed or amended by implication to the extent of the inconsistency between the two, because the Legislature is presumed to have knowledge of its prior enactments and to know the state of the law at the time it passes legislation. *Wilson v. Johnson County*, 879 S.W.2d at 809. Repeals by implication are not favored, however, and will be recognized only when no fair and reasonable construction will permit the statutes to stand together. *Id.*

*Cronin*, 906 S.W.2d at 912. In *Cronin*, our Supreme Court held that the saving statute applied to a medical malpractice action which was initially filed within the one-year statute of limitations and the three-year statute of repose, but which was voluntarily dismissed and later refiled beyond the three-year statute of repose. *Id.* at 915. The reason for this was because the plaintiff had initially brought the action within the one-year statute of limitations and within the three-year statute of repose. The plaintiff had, therefore, complied with the letter of the statute of repose and avoided its substantive bar. With the timely initial filing, the plaintiff had also fulfilled the legislative purpose of the statute of repose, which was to limit the time period during which a physician is subject to a claim of potential liability. *Id.* at 914. This resolution of the issue effectuated the purposes of both statutes.

The Tennessee saving statute, Tenn. Code Ann. § 28-1-105(a) provides, in pertinent part, that:

> If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest. . . .

The law in Tennessee strongly favors the resolution of all disputes on their merits, and the saving statute is to be given a broad and liberal construction in order to achieve this goal. *Henley v. Cobb*, 916 S.W.2d 915, 916 (Tenn. 1996). As discussed by our Supreme Court in *Henley*, courts are paying more attention to the basic and intrinsic rights of parties than they are to form. The spirit of the saving statute shows its basic purpose is to aid the courts in administering the law fairly between litigants without binding them to minor and technical mistakes by their counsel in

interpreting the complexities of our laws of procedure. *Henley*, 916 S.W.2d at 916-17. At issue in *Henley* was whether the plaintiffs could avail themselves of the saving statute when the original action was not filed in a court with proper venue. The Supreme Court held that because both defendants were given actual notice of plaintiffs' legal claims, their failure to file the action in the proper venue did not preclude the application of the saving statute. *Id*. at 918.

By its own terms, the saving statute tolls the running of the statute of limitations only if the action was commenced within the original statute of limitations, which in the present case is one-year. Whether the action is commenced within the initial statute of limitations period is to be determined by Tenn. R. Civ. P. 3. *See Gregory v. McCulley*, 912 S.W.2d 175, 177 (Tenn. Ct. App. 1995). The applicable version of Rule 3 of the Tenn. R. Civ. P. provides that:

> All civil actions are commenced by filing a complaint with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved. If process remains unissued for 30 days or is not served within 30 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.

According to the plain language of Rule 3, plaintiffs who do not obtain service of process within 30 days are provided with one avenue of relief in order to rely on the original commencement to toll the running of the statute of limitations. That sole avenue of relief is to obtain "issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint." Plaintiffs who do not comply with this safety net provision lose the initial filing date as a bar to the statute of limitations. If this happens, the action will not be deemed to have been "commenced within the time limited by a rule or statute of limitation" and the saving statute will not apply. *See Gregory*, 912 S.W.2d at 177 (applying a previous version of Rule 3).

In our opinion, in order for Plaintiff in the present case to comply with the requirements of Rule 3, process must have been reissued on the first Complaint within one year from issuance of the previous process. Rule 3 unequivocally states that if process is not issued or not served within 30 days of issuance, a plaintiff "cannot" rely on the original filing date to toll the statute of limitations unless the plaintiff continues the action by having new process issued within the one year period contained in Rule 3. Filing a new Complaint outside the statute of limitations and issuing process on this second Complaint does not satisfy the Rule 3 requirements.

Under the previous version of Rule 3 before amendment in 1995, filing of this second lawsuit with issuance of process therein would have been sufficient to toll the statute of limitations. Under the previous version of Rule 3, a plaintiff could rely on the original commencement to toll the statute of limitations if the plaintiff either: (1) issued new process within 6 months from issuance of the previous process or, if no process issued, within 6 months from the filing of the complaint and summons, or (2) recommenced the action within 1 year from issuance of the original process or, if no process issued, within 1 year from the filing of the original complaint and summons.

In 1995, Rule 3 was revised and the provision authorizing the recommencement of the action was eliminated altogether. The Rule was further revised to increase from 6 months to 1 year the time in which a plaintiff could continue the action by obtaining issuance of new process and rely on the original date of commencement to avoid the running of the statute of limitations. Our conclusion that "recommencement" or the filing of a second suit is no longer an available option to toll the statute of limitations is supported by the Advisory Commission Comment to the 1995 amendment to Rule 3, which states:

> Because the former rule created confusion between the one-year recommencement period and the one-year saving statute, the recommencement provision is eliminated. The earlier six-month reissuance period is extended from six months to a full year.

When interpreting statutes, the Legislative intent is to be ascertained without forced or subtle construction that would limit or extend the meaning of the language. *Cronin*, 906 S.W.2d at 912. If Plaintiff's argument that recommencement by filing the second lawsuit tolls the statute of limitations is accepted by this Court, we would be extending Rule 3 to create a recommencement option when our Supreme Court unequivocally eliminated that option from Rule 3. Once the one-year time limit in which to reissue process expired, Plaintiff's lawsuit was essentially dead. Assuming a nonsuit had not been taken, if Plaintiff had simply reissued process on the first lawsuit after the one-year safety net provision had expired, his lawsuit would be subject to dismissal because Rule 3 was not complied with. *See, e.g., Toney v. Cunningham*, No. 02A01-9801-CV-00005, 1999 WL 188291 (Tenn. Ct. App. Apr. 6, 1999)(applying previous version of Rule 3). Plaintiff cannot circumvent his failure to comply with Rule 3 by filing a new lawsuit and then seeking the benefit of the liberal construction of the saving statute. In *Pinson v. Tata*, No. 02A01-9804-CV-00115, 1999 WL 167724, (Tenn. Ct. App. Mar. 29, 1999), the Court of Appeals for the Western Section refused to grant plaintiff the benefit of the saving statute. In *Pinson*, the plaintiff did not comply with either safety net provision available to her under the version of Rule 3 which existed prior to the 1995 amendment. Specifically, the plaintiff in *Pinson* reissued process after the 6 month time limit to do so had expired, and then recommenced the action more than one year after issuance of the original process. Because the requirements of Rule 3 had not been complied with, the *Pinson* Court concluded that the saving statute did not operate to save the action.

In reaching our conclusion that the present lawsuit must be dismissed, we are not unmindful of the Legislative intent of the saving statute. It is not, however, the function of this Court to incorporate into Rule 3 a provision that was expressly eliminated by our Supreme Court and approved by our Legislature in order to liberally construe the saving statute.

We are aware that our decision in this case conflicts with *Kelly v. Wooten*, No. 02A01-9712-CV-00305, 1998 WL 666771 (Tenn. Ct. App. Sept. 29, 1998), decided by the Western Section of this Court and relied upon by the Trial Court.[2] The plaintiff in *Kelly* voluntarily dismissed the first complaint and that same day filed a second complaint and process was issued. As in the present case, the plaintiff in *Kelly* did not have process on the first complaint reissued. Concluding that the plaintiff's lawsuit was not barred by the applicable statute of limitation, the *Kelly* Court stated:

> [Defendants] Wooten and Annona urge this Court to disregard [plaintiff] Kelly's claim that the filing of the new lawsuit and issuance of process constituted issuance of "new process" under Rule 3. Further, they urge us to conclude that Kelly did not have the "option of filing a new lawsuit." Instead, they contend that Kelly could only fall under the protection of Rule 3 if he obtained new process on the original claim.
>
> We respectfully disagree with these assertions. Kelly filed a lawsuit on August 16, 1996 essentially identical to his original suit. Process was issued at that time. To declare that the issuance of process on August 16, 1996 does not fall under Rule 3 would be to approve form over substance. . . .

*Kelly*, 1998 WL 666771 at *5 (footnotes omitted). *Kelly* further concluded that the plaintiff's failure to issue process on the correct parties did not preclude application of the saving statute because both defendants had actual knowledge of the lawsuit. *Id.* at * 4.

The impact of a defendant's actual knowledge was later revisited by the Court of Appeals for the Western Section in *Toney v. Cunningham*, No. 02A01-9801-CV-00005, 1999 WL 188291 (Tenn. Ct. App. Apr. 6, 1999). Although the applicability of the saving statute was not directly at issue, *Toney* affirmed the dismissal of two of the defendants because the plaintiff failed to have process reissued within the time permitted under Rule 3.[3] The plaintiff argued that the defendants should be estopped from relying on the defense of lack of service since they had actual notice of the lawsuit. In rejecting this argument, *Toney* observed that notice is an important factor in determining the applicability of the saving statute. The Court went on to conclude that the opinion

---

[2] No application for permission to appeal to the Supreme Court was filed in *Kelly*.

[3] The Court in *Toney* was applying the version of Rule 3 in existence prior to the 1995 amendment.

of the Supreme Court in *Henley v. Cobb*, 916 S.W.2d 915 (Tenn. 1996) does not, however, stand for the proposition that actual notice is a substitute for service of process. *Toney*, 1999 WL at \*2 n.4.

We respectfully disagree with the conclusion reached by the Western Section in *Kelly*. *Kelly* approved the recommencing of a second lawsuit (as opposed to reissuing process on the original lawsuit) when the second lawsuit is "essentially" the same as the first. This result would leave the trial courts of this state with the responsibility of making ad hoc determinations on a case by case basis as to whether a second complaint is "essentially" the same as the first. This would create problems when parties or causes of action are added or modified in the second complaint. These potential problems will not be present if plaintiffs simply comply with the plain language of Rule 3 and have process on the first complaint reissued.

Notwithstanding the procedural complications that can arise with allowing a new lawsuit to be filed to satisfy Rule 3 so long as it is "essentially" identical, our primary disagreement with *Kelly* is based on the plain language of Rule 3. As stated previously, Rule 3 was amended in 1995 and the provision creating a recommencement option was specifically deleted. We hold the plain language of the current version of Rule 3 allows plaintiffs only *one* avenue of relief if they intend to rely on the original date of commencement to toll the running of the statute of limitations: continue the action by obtaining issuance of new process on the original complaint within the one year period created in Rule 3. We would be inclined to agree with *Kelly* were it not that the method sanctioned in *Kelly* for keeping the action alive was unequivocally removed by our Supreme Court and Legislature as an option for doing so. We have neither the right nor the power to ignore the dictates of our Supreme Court and Legislature for the sake of liberally construing Rule 3 and the saving statute. If we have misinterpreted the Supreme Court's intent in amending Rule 3 to delete the recommencement option, or if the liberal construction to be accorded the saving statute somehow trumps the requirements of the current version of Rule 3, we respectfully suggest that this would be an appeal and issue best decided ultimately by our Supreme Court.

## Conclusion

The decision of the Trial Court is reversed, and the case is remanded to the Trial Court with instructions to dismiss the Complaint as being filed outside the one-year statute of limitations, and for the collection of costs below. Costs of this appeal are taxed to Ernest J. Frye.

_____
D. MICHAEL SWINEY