IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Submitted on Briefs November 19, 2001


**RICKY W. McELHANEY v. HOWARD B. BARNWELL**


**Appeal from the Chancery Court for Hamilton County**
**No. 98-1218     Howell N. Peoples, Chancellor By Interchange**

**FILED JANUARY 14, 2002**

**No. E2000-02748-COA-R3-CV**


In 1998, Ricky W. McElhaney ("Plaintiff"), filed a petition seeking disbarment of his former criminal defense attorney, Howard B. Barnwell ("Defendant"). Plaintiff relied upon the statutory scheme provided by Tenn. Code Ann. § 23-3-201, *et seq.*, which allows an individual aggrieved by the act or conduct of a Tennessee attorney to file a complaint in state court seeking disbarment or suspension against that attorney. Effective March 30, 2000, this statutory scheme was repealed by 2000 Tenn. Pub. Acts 611 § 1. Thereafter, the Trial Court dismissed Plaintiff's petition, holding that since Tenn. Code Ann. § 23-3-201, *et seq.*, was procedural and jurisdictional in nature and since the statutory scheme was repealed, the Trial Court no longer had jurisdiction to hear the petition. Plaintiff appeals. We vacate and remand.


**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated;**
**Case Remanded.**


D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., joined. HERSCHEL P. FRANKS, J., filed a dissenting opinion.


Ricky W. McElhaney, *pro se*, Wartburg, Tennessee.

Howard B. Barnwell, *pro se*, Chattanooga, Tennessee.


**OPINION**

## Background

In November 1998, Ricky W. McElhaney, who is currently incarcerated, filed a Petition Seeking to Disbar Respondent and for Damages ("Petition"), along with an affidavit and multiple exhibits, against his former criminal defense attorney, Howard B. Barnwell. As grounds for his Petition, Plaintiff cited Tenn. Code Ann. §§ 23-3-201(1)(5) and 23-3-202(a) (repealed 2000). Plaintiff alleged in his Petition that Defendant represented Plaintiff from August 1992, until the date of Plaintiff's final sentencing hearing in July 1993. According to the Petition, Plaintiff entered a guilty plea to state criminal charges. Plaintiff contended in his Petition that his agreement to enter a guilty plea was based, in part, upon Defendant's representation that no federal gun charges would be forthcoming. After entering his plea in state court, Plaintiff, however, was charged with violating federal gun laws. Plaintiff contended in his Petition that Defendant had knowledge of the impending federal gun charges when Defendant counseled Plaintiff about the plea to the state charges.

The technical record on appeal shows Plaintiff previously filed a petition for post-conviction relief.[1] Plaintiff alleged in his Petition that Defendant, at the post-conviction hearing, denied having knowledge of the federal investigation of Plaintiff and denied that federal agents had contacted him regarding his then-client, Plaintiff. Plaintiff contended in his Petition that in April 1998, using the Freedom of Information and Privacy Act, he obtained information from the federal Bureau of Alcohol, Tobacco and Firearms which showed Defendant committed perjury at the post-conviction hearing. Thereafter, Plaintiff filed a complaint with the Board of Professional Responsibility regarding Defendant's conduct. The technical record contains correspondence dated October 1998, from the Office of Disciplinary Counsel to Plaintiff, which stated that Plaintiff's complaint had been dismissed for lack of evidence.

In response to Plaintiff's Petition, Defendant, in December 1998, filed an extremely scant Motion to Dismiss, merely citing Tenn. R. Civ. P. 12.02(1), (6), and (7), as grounds for his motion. The record on appeal contains no memorandum of law in support of Defendant's Motion to Dismiss, nor does the motion reference any supporting memorandum. Plaintiff filed a brief in response to Defendant's motion. In October 2000, the Trial Court held a hearing regarding Defendant's Motion to Dismiss.[2] Thereafter, the Trial Court entered an Order of Dismissal holding that Plaintiff's Petition should be dismissed since the statutes Plaintiff relied upon in filing his Petition, Tenn. Code Ann. §§ 23-3-201 and 23-3-202, had been repealed in their entirety by 2000

---

[1] The technical record on appeal contains Plaintiff's Inmate Affidavit Pursuant to T.C.A. § 41-21-801, *et seq.*, in which Plaintiff stated that he previously filed two other lawsuits, one against Defendant and the other against a third party, also presumably another former attorney, for legal malpractice. According to Plaintiff's Inmate Affidavit, both lawsuits were dismissed.

[2] The record on appeal contains no transcript of this hearing.

Tenn. Pub. Acts 611 § 1.[3]  The Trial Court, in its Order of Dismissal, held that "since the statutes are procedural and jurisdictional in nature, this Court no longer has any jurisdiction to proceed."

Plaintiff appeals.

## Discussion

On appeal and although not exactly stated as such, Plaintiff raises the following issues: (1) whether the Trial Court erred in dismissing the Petition due to the repeal of Tenn. Code Ann. § 23-3-201, *et seq.*, because Article I, § 20 of the Tennessee Constitution prohibits retrospective laws; and (2) whether the Trial Court erred by failing to comply with the requirements of Tenn. Code Ann. § 23-3-202(b).  Defendant filed no brief with this Court. Although Plaintiff did not file a Tenn. R. App. P. 29(c) motion requesting this Court to decide this matter on the record and on Plaintiff's brief, we will do so as we have no argument by brief or otherwise from Defendant.

Plaintiff's appeal was precipitated by the Trial Court's decision to dismiss the Petition due to the repeal of Tenn. Code Ann. § 23-3-201, *et seq.*  Accordingly, our inquiry on appeal concerns only the Trial Court's conclusions of law which are subject to a *de novo* review with no presumption of correctness.  *Ganzevoort v. Russell,* 949 S.W.2d 293, 296 (Tenn. 1997).

Plaintiff's Petition seeking disbarment of Defendant was based upon the statutory scheme previously found at Tenn. Code Ann. § 23-3-201, *et seq.* (repealed 2000), which created the cause of action and set forth the venue and procedure for disbarment or suspension of attorneys admitted to practice in this state.  We note that this statutory scheme provided for a direct appeal from the trial court to our Supreme Court.  Tenn. Code Ann. § 23-3-204.  Our Supreme Court, however, in *Storey v. Nichols*, held that while "[o]n its face, § 23-3-204 clearly appears to provide for a direct appeal to the Supreme Court[,] . . . an appeal of a statutory disciplinary proceeding properly lies in the Court of Appeals pursuant to . . . Tenn. Code Ann. § 16-4-108. . . ." *Storey v. Nichols*, 27 S.W.3d 886, 888 (Tenn. 2000).[4]

Plaintiff, as grounds for his claim that Defendant should be disbarred for committing perjury at the post-conviction hearing, cited Tenn. Code Ann. § 23-3-201(5), which provided:

---

[3] Since the record contains no transcript of the motion hearing, it is unclear whether the Trial Court acted *sua sponte* in dismissing the Petition due to the repeal of Tenn. Code Ann. § 23-3-201, *et seq.*, or whether Defendant raised this argument at the hearing.

[4] Tenn. Code Ann. § 16-4-108(a)(1) provides:

> The jurisdiction of the court of appeals is appellate only, and extends to all civil cases except workers' compensation cases and appeals pursuant to § 37-10-304(g).

Any attorney, solicitor or counselor at law admitted to practice in the courts of the state may be disbarred or suspended from the practice of law who: . . .

(5) Is guilty of any unprofessional conduct, dishonesty, malpractice, or any conduct which renders such person unfit to be a member of the bar.

During the pendency of this matter at the trial level, this statutory scheme was repealed by 2000 Tenn. Pub. Acts 611 § 1, which provides an effective repeal date of March 30, 2000. This public act simply provides that Tenn. Code Ann. § 23-3-201, *et seq.*, "is repealed in its entirety. . . ." Prior to the repeal of Tenn. Code Ann. § 23-3-201, *et seq.*, this statutory scheme was one of two methods that existed for a person to initiate a disciplinary proceeding against an attorney licensed to practice in Tennessee. *Storey v. Nichols*, 27 S.W.3d at 887. The other method, which is still available, provides for a proceeding before the Board of Professional Responsibility and is found at Tenn. R. Sup. Ct. 9, § 1.3. *Id.* at 887-88.

Plaintiff's first issue on appeal concerns the constitutionality of the Trial Court's dismissal of the Petition, filed in 1998, due to the Trial Court's retrospective application of the public act which repealed Tenn. Code Ann. § 23-3-201, *et seq.* Plaintiff contends the Trial Court erred in dismissing his claim because the Tennessee Constitution prohibits retrospective laws. Tenn. Const. Art. I, § 20. Specifically, this constitutional provision provides "[t]hat no retrospective law, or law impairing the obligations of contracts, shall be made." *Id.* Accordingly, our Supreme Court has held "[s]tatutes are presumed to operate prospectively unless the legislature clearly indicates otherwise." *Nutt v. Champion Int'l Corp.*, 980 S.W.2d 365, 368 (Tenn. 1998). Nevertheless, this rule has two exceptions for remedial or procedural statutes since these two types of statutes may be applied retrospectively. *Id.* A statute is procedural "'if it defines the . . . proceeding by which a legal right is enforced, as distinguished from the law which gives or defines the right.'" *Doe v. Sundquist*, 2 S.W.3d 919, 923 (Tenn. 1999) (quoting *Kuykendall v. Wheeler*, 890 S.W.2d 785, 787 (Tenn. 1994) (alteration in original)). A remedial statute is one that "provides the means by which a cause of action may be effectuated, wrongs addressed, and relief obtained." *Id.*

The public act, on its face, provides no new text and simply repeals the statutory scheme in its entirety. 2000 Tenn. Pub. Acts 611 § 1. Consequently, the language of the public act cannot be characterized as remedial, procedural, or otherwise without first considering the statutes repealed. The public act repealed a statutory scheme which not only defined the proceeding by which a legal right was enforced, the statutory scheme also gave and defined that right. *See Doe v. Sundquist*, 2 S.W.3d at 923. The public act, by repealing that statutory scheme, also defined this right by defining it out of existence. *See id.* We hold that the public act repealing the statutory scheme was not solely remedial or procedural in nature, and, therefore, must operate prospectively because the Tennessee Constitution prohibits the retrospective application of that public act. *Id.*; *Nutt v. Champion Int'l Corp.*, 980 S.W.2d at 368; Tenn. Const. Art. I, § 20. Accordingly, we hold the Trial Court erred in retrospectively applying the public act which repealed Tenn. Code Ann. § 23-3-201, *et seq.*, to dismiss the Petition.

In addition, we find that our holding complies with Tenn. Code Ann. § 1-3-101, which provides the following:

> The repeal of a statute does not affect any right which accrued, any duty imposed, any penalty incurred, *nor any proceeding commenced*, under or by virtue of the statute repealed.

(emphasis added); *see also State v. Kaatrude,* 21 S.W.3d 244, 248 n.4 (Tenn. Ct. App. 2000) (holding that due to Tenn. Code Ann. § 1-3-101, a pending paternity action was not affected by amendments to paternity and legitimation legislation where the amendments were effective after the date the petition was filed). The record on appeal shows that Plaintiff filed his Petition in 1998, and, therefore, this matter was commenced long before Tenn. Code Ann. § 23-3-201, *et seq.*, was repealed. Accordingly, the public act which repealed this statutory scheme has no effect on Plaintiff's pending action for disbarment against Defendant. *See* Tenn. Code Ann. § 1-3-101.

Plaintiff's final issue on appeal involves his argument that the Trial Court erred by failing to comply with Tenn. Code Ann. § 23-3-202(b), which required the trial court to issue a citation, along with the petition, requiring the respondent attorney to appear in court for a hearing to be held between ten to fifteen days after service of process. In light of our holding that the Trial Court erred in dismissing Plaintiff's Petition, this issue is pretermitted. On remand, the Trial Court, however, will comply with the pre-repeal procedure as outlined by Tenn. Code Ann. § 23-3-201, *et seq.*

The validity of Plaintiff's claim against Defendant is not before us. We express no opinion concerning that issue, and nothing in this Opinion should be construed as addressing that question.

### Conclusion

The judgment of the Trial Court is vacated, and this cause is remanded to the Trial Court for such further proceedings as may be required, if any, consistent with this Opinion and for collection of the costs below. The costs on appeal are assessed against the Appellee, Howard B. Barnwell.

_____
D. MICHAEL SWINEY, JUDGE