UNITED STATES of America, Appellee,

v.

**Andrew Michael SMITH, Appellant.**

No. 80–5220.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 5, 1981.

Decided July 10, 1981.

William L. Osteen, Greensboro, N. C. (N. Carlton Tilley, Jr., Greensboro, N. C., on brief), for appellant.

Douglas Cannon, Asst. U. S. Atty., Greensboro, N. C. (H. M. Michaux, Jr., U. S. Atty., Durham, N. C., Becky M. Strickland, Paralegal Specialist, on brief), for appellee.

Before WIDENER, MURNAGHAN, and SPROUSE, Circuit Judges.

SPROUSE, Circuit Judge:

The defendant, Andrew Michael Smith, appeals an order of the district court disqualifying his attorney, V. Edward Jennings, Jr., from representing him in a trial on charges of conducting an illegal gambling business. Since we discern no impropriety or appearance of impropriety in the representation, the district court's ruling is reversed.

Jennings was an assistant United States Attorney for the Middle District of North Carolina from August 1974 until September 1978. In 1976, he supervised the investigation and trial of Smith on a charge of conducting an illegal gambling business in 1975. After plea negotiations between Jennings and defense counsel, Smith pled guilty and received a fifteen-month suspended sentence. He was placed on probation for five years, which will expire on August 18, 1981.

In the case *sub judice*, Smith is charged with a different incident of violating the same statute (18 U.S.C. § 1955) as was involved in the 1976 prosecution. The offenses allegedly occurred between August and December 1979 and the indictment was returned in October 1980.

It was found by the district court, and is conceded by the government, that there is no connection between the 1975 and the 1979 violations. It is true that Jennings, prior to resigning from office in 1978, signed two subpoenas in the investigation of one of Smith's co-defendants, which eventually led to the 1980 indictment. He

received no information during this initial investigation of the co-defendant, however, that is in any way related to the present case. The district court held, in fact, that there was no substantial involvement of Jennings in the present case while he was an assistant United States Attorney and that there was no actual impropriety in his representation of Smith, in violation of either Canon 4 or DR 9–101(B) of the Code of Professional Responsibility.[1]

 We agree with the trial court that the singular circumstance of having prosecuted a defendant does not disqualify a former government attorney from defending the same individual on subsequent criminal charges unrelated to the attorney's former duties. Should, of course, Smith be found guilty of the offenses with which he is currently charged, he would be in violation of the probation imposed as a result of Jennings' prosecution of him in 1976. The court noted in an amended order, based on Jennings' factual representations to the court, that he would not represent Smith in any probation proceedings relating to the former prosecution.[2] The court held, nevertheless, that since the probationary period was still outstanding, there was an "appearance of impropriety" in Jennings representing Smith on the 1980 indictment, contrary to the provisions of Canon 9,[3] and that he should therefore be disqualified. While the representation of Jennings in a probation proceeding involving the 1976 sentence might well be improper, we need not consider that in light of the impossibility of it occurring. Jennings' disqualification then can only be based on the bald fact that he previously prosecuted the same defendant on a different charge and that his probation imposed on the previous charge might be affected by events relating to the trial in the case *sub judice.* We cannot agree with the district court that Jennings' representa-

tion under these circumstances amounts to an appearance of impropriety which is violative of Canon 9.

The purpose of Canon 9 is to maintain "in the public mind, a high regard for the legal profession." *General Motors Corp. v. City of New York,* 501 F.2d 639, 649 (2d Cir. 1974). Even well informed laymen might sometimes find it difficult to distinguish between a lawyer's betrayal of a public trust and his duty to a client. It is to guard against such a reasoned suspicion that Canon 9 cautions against even the appearance of impropriety by a lawyer. If Jennings should appear at a probation proceeding stemming from Smith's 1976 conviction, a layman could reasonably suspect that any contention by Jennings inconsistent with his previous government representation would be an unfair use of information gained in public employment for his personal advantage to the detriment of the government. But Jennings is now barred from representing Smith in any probationary matter related to the 1976 plea. No objective member of the public at large, therefore, could reasonably believe that Smith's choice of counsel, accepted by Jennings, could be tainted by the fact that Jennings previously prosecuted him in a different court on a different charge.

 A defendant is not lightly to be deprived of the counsel of his choice. *Powell v. Alabama,* 287 U.S. 45, 53, 53 S.Ct. 55, 58, 77 L.Ed. 158 (1932) ("It is hardly necessary to say that the right to counsel being conceded, a defendant should be afforded a fair opportunity to secure counsel of his own choice"). It cannot be a fanciful, unrealistic or purely subjective suspicion of impropriety that requires disqualification. The appearance of impropriety must be real. *Woods v. Covington County Bank,* 537 F.2d 804 (5th Cir. 1976); *Silver Chrysler*

---

1. Canon 4 states: "A lawyer should preserve the confidences and secrets of a client."

 DR 9–101(B) requires that "A lawyer shall not accept private employment in a matter in which he had substantial responsibility while he was a public employee."

2. The attorney who represented Smith in the 1976 charge apparently agreed to represent Smith in any such proceedings.

3. Canon 9 provides that "A lawyer should avoid even the appearance of professional impropriety."

*Plymouth, Inc. v. Chrysler Motors Corp.,* 370 F.Supp. 581, 589 (E.D.N.Y.1973), *aff'd,* 518 F.2d 751 (2d Cir. 1975).

Finding no appearance of impropriety in Jennings' representation of Smith under the facts presented, the order of the district court disqualifying Jennings is reversed.

*REVERSED.*