# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### October 6, 2011 Session Heard at Nashville

## ROY E. KEOUGH v. STATE OF TENNESSEE

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Shelby County**
**No. P-2423     Carolyn Blackett, Judge**

**No. W2008-01916-SC-R11-PD - Filed December 9, 2011**

We granted permission to appeal in this post-conviction capital case to consider whether the courts below erred in holding that the state and federal constitutional right against self-incrimination does not afford a post-conviction petitioner who chooses to testify the right to limit the scope of the State's cross-examination. However, we need not decide whether and in what manner the constitutional right against self-incrimination applies in the post-conviction context because this appeal can be resolved on non-constitutional grounds. We have concluded that the scope of cross-examination of a post-conviction petitioner is governed by Tennessee Supreme Court Rule 28, section 8(C)(1)(d). The judgments of the trial court and the Court of Criminal Appeals are vacated, and this matter is remanded for a new post-conviction hearing at which Petitioner shall be afforded the right to testify subject to the limited scope cross-examination provided by Rule 28, section 8(C)(1)(d).

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the**
**Court of Criminal Appeals Reversed and Case Remanded to the Trial Court**

CORNELIA A. CLARK, C.J., delivered the opinion of the Court, in which JANICE M. HOLDER, GARY R. WADE, WILLIAM C. KOCH, JR., and SHARON G. LEE, JJ., joined.

Donald E. Dawson and Sarah Willingham, Nashville, Tennessee, for the appellant, Roy E. Keough.

Robert E. Cooper, Jr., Attorney General and Reporter; Gordon W. Smith, Associate Solicitor General; James E. Gaylord, Assistant Attorney General; William L. Gibbons, District Attorney General; Robert J. Carter and John Campbell, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

On May 9, 1997, a jury convicted Roy E. Keough ("Petitioner") of the premeditated first degree murder of his estranged wife, Betty Keough, and of the attempted first degree murder of his wife's male companion, Kevin Berry. Following a separate sentencing hearing, the jury imposed a sentence of death based upon its finding that the aggravating circumstance—Petitioner had been previously convicted of one or more felonies whose statutory elements involved the use of violence to the person—had been proven beyond a reasonable doubt and that the aggravating circumstance outweighed mitigating circumstances beyond a reasonable doubt. See Tenn. Code Ann. §§ 39-13-204(i)(2), -204(g) (1997 & Supp. 1999). For the attempted first degree murder conviction, the trial court classified Petitioner as a Range II offender and imposed a forty-year sentence consecutive to the sentence of death. Petitioner's convictions and sentences were affirmed on appeal. See State v. Keough, 18 S.W.3d 175 (Tenn. 2000).

Thereafter, on December 12, 2000, Petitioner timely filed a pro se petition seeking post-conviction relief and a motion for appointment of counsel. The trial court granted the motion for appointment of counsel, and on February 14, 2003, Petitioner, with the assistance of appointed counsel, filed a seventy-five-page amendment to the petition, alleging eighteen grounds for post-conviction relief, including ineffective assistance of trial and appellate counsel. The post-conviction trial court conducted an evidentiary hearing on various dates in September, October, and November of 2007. While Petitioner offered a great deal of proof at the evidentiary hearing, the following summary provides the context necessary for the determinative issue in this appeal.

Petitioner alleged that his trial attorneys were ineffective because they failed to conduct a reasonable and adequate investigation for his trial and his capital sentencing hearing. Petitioner also alleged that his trial attorneys failed to seek and obtain a plea bargain for him. However, by the time of the 2007 post-conviction hearing, Petitioner's lead trial counsel had suffered a stroke and was unable to testify. While the attorney who served as co-counsel at Petitioner's trial testified at the post-conviction hearing, trial co-counsel's memory of the case had faded during the ten years since Petitioner's 1997 trial, and a fire had destroyed his file on Petitioner's case. As a result, trial co-counsel's testimony was vague and uncertain concerning many aspects of Petitioner's case, including the pre-trial investigation and trial preparation. Furthermore, trial co-counsel could not recall the circumstances surrounding plea negotiations or the plea offer Petitioner received during the voir dire of his trial.

On October 12, 2007, after hearing trial co-counsel's testimony, Petitioner filed a

motion asking the trial court "to limit any cross-examination of [Petitioner], if called to testify on his own behalf, during any hearing on his post-conviction petition to the scope of the direct examination and, *in particular to preclude questions directly related to the factual allegations of the criminal charges for which he was convicted in this case.*" (Emphasis added). Petitioner alleged that, if called as a witness, he would "testify regarding his relationship with counsel, his understanding of the proceedings against him and the judicial process, his social history and other matters related to his post-conviction petition" but would not *"discuss in any way the factual circumstances related to the crimes for which he was charged or convicted.*" (Emphasis added). As support for his motion, Petitioner relied upon his right against self-incrimination protected by the Fifth Amendment[1] to the United States Constitution and article I, sections 8[2] and 9[3] of the Tennessee Constitution.

The post-conviction trial court denied the request to limit the scope of cross-examination, concluding that, while Petitioner retained his Fifth Amendment[4] right against self-incrimination, "such right does not protect Petitioner from cross-examination by the State." Rather, explained the post-conviction trial court, "[t]he right operates just as it would at trial. Petitioner may choose not to testify or may choose to take the stand. If Petitioner chooses to take the stand, then he waives his right and may be subjected to cross-examination by the State."

Based upon the trial court's ruling, Petitioner decided not to testify; however, Petitioner's post-conviction counsel made the following proffer of evidence concerning the testimony Petitioner would have provided had the motion for limited scope cross-examination been granted:

> Your Honor, [Petitioner] would testify that basically they never talked
> about the facts of his case; that . . . [lead trial counsel] came on one occasion
> at least, that [lead trial counsel] discussed religion with him but not his case;

---

[1] The Fifth Amendment prevents a person from being "compelled in any criminal case to be a witness against himself," U.S. Const. amend V, and is applicable to the States through the Fourteenth Amendment. Malloy v. Hogan, 378 U.S. 1, 8 (1964).

[2] Article I, section 8 provides "[t]hat no man shall be taken or imprisoned, or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or in any manner destroyed or deprived of his life, liberty or property, but by the judgment of his peers or the law of the land." Tenn. Const. art. I, § 8.

[3] Article I, section 9 provides in relevant part "[t]hat in all criminal prosecutions, the accused . . . shall not be compelled to give evidence against himself." Tenn. Const. art. I, § 9.

[4] The trial court made no mention of Petitioner's claim that his Tennessee constitutional right against self-incrimination affords a right of limited scope cross-examination.

and that he had asked [lead trial counsel] if they could get a plea offer. [Lead trial counsel] said that he would have to wait, that they couldn't get it for him, that [the offer] would have to come voluntarily from the prosecution, from the prosecutor; that [Petitioner] met with [trial co-counsel] twice and also they never talked about the facts of the case. [Petitioner] asked that [lead trial counsel] subpoena certain witnesses and [lead trial counsel] told him they couldn't subpoena those witnesses.

Your Honor, [Petitioner] would also testify, if allowed, that he was not seen by a psychiatrist or a psychologist prior to trial.

And finally, Your Honor, [Petitioner] would testify that there was a plea offer made to him for the first time after the jury was seated in the courtroom. [J]ust right before they started calling the jurors to put them in the juror box for the voir dire, at that point he was offered a 25-year plea to second degree murder. . . and that was by [the prosecutor]. [Petitioner] tried to ask [the prosecutor] if they could at least work with him a little bit. [The prosecutor] said no[;] he can at least [serve] 25 years. And at that point there [were] no further offers made[,] and [Petitioner] had been seen to reject that offer.

Your Honor, that would be the limit of what [Petitioner] would testify to if he was permitted to *without being subject to cross-examination concerning the offense.*

(Emphasis added).

After the post-conviction trial court denied relief, Petitioner appealed. The Court of Criminal Appeals affirmed the denial of post-conviction relief, and in doing so, specifically rejected Petitioner's assertion that the post-conviction trial court erred by denying the motion for limited scope cross-examination. Like the post-conviction trial court, the Court of Criminal Appeals held that Petitioner's constitutional right against self-incrimination applies in the post-conviction context, but found that a petitioner who elects to testify is bound to answer relevant questions on cross-examination. We granted Petitioner's application for permission to appeal. For the reasons explained herein, we vacate the judgments of the courts below and remand to the post-conviction trial court for a new post-conviction hearing.

## Standard of Review

Generally, the propriety, scope, manner, and control of cross-examination are matters entrusted to the trial court's discretion, and a trial court's decision on any of these issues is reviewed under the abuse of discretion standard. See State v. Reid, 213 S.W.3d 792, 839

(Tenn. 2006); State v. Bragan, 920 S.W.2d 227, 244 (Tenn. Crim. App. 1995). Whether Petitioner had a right to testify subject only to limited scope cross-examination is, however, a pure question of law. See State v. Franklin, 308 S.W.3d 799, 809 (Tenn. 2010) (applying de novo review to determine whether a defendant's confrontation rights had been violated by the admission of hearsay evidence). We review questions of law de novo with no presumption of correctness given to the post-conviction trial court's conclusions. Finch v. State, 226 S.W.3d 307, 315 (Tenn. 2007); Vaughn v. State, 202 S.W.3d 106, 115 (Tenn. 2006).

**Analysis**

Under Tennessee's current Post-Conviction Procedure Act ("Act"), enacted in 1995,[5] relief is appropriate "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103 (2006). To obtain relief, a petitioner must file a written petition with the clerk of the court in which the conviction occurred. Id. at § 40-30-104(a). The petitioner must include all known claims for relief *and* a full disclosure of the factual basis of each claim for relief. Id. at § 40-30-106(d). The petitioner also must verify under oath the claims and factual allegations of the petition. Id. at § 40-30-104(d)-(e). The petitioner is required to present clear and convincing proof of all factual allegations at an evidentiary hearing on the petition. Id. at § 40-30-110(f).

The Act contemplates that the petitioner's testimony will be necessary to satisfy this burden of proof, stating that "[t]he petitioner shall appear and give testimony at the evidentiary hearing if the petition raises substantial questions of fact as to events in which the petitioner participated . . . ." Id. at § 40-30-110(a); see also Tenn. Sup. Ct. R. 28, § 8(C)(1)(b) ("Petitioner shall testify at the evidentiary hearing if the petition raises substantial issues of facts, unless petitioner is incarcerated out of state."). "The Tennessee Rules of Evidence apply except as otherwise required in this part" to post-conviction hearings. Tenn. Code Ann. § 40-30-110(e). Furthermore, the Act expressly authorizes this Court to "promulgate rules of practice and procedure consistent with this part . . . ." Id. at § 40-30-118.

On November 17, 1995, this Court adopted Tennessee Supreme Court Rule 28, which is titled "Tennessee Rules of Post-Conviction Procedure." See Tenn. Sup. Ct. R. 28, § 12. In doing so, we cited both section 40-30-118 and our inherent authority to promulgate rules governing the practice and procedure in state courts. See Tenn. Sup. Ct. R. 28, §1(B); see

---

[5] The current statute became effective on May 10, 1995. See Carter v. State, 952 S.W.2d 417, 419 (Tenn. 1997) (discussing 1995 Tenn. Pub. Act 207, § 3).

also State v. Mallard, 40 S.W.3d 473, 480-81 (Tenn. 2001) (stating that "[o]nly the Supreme Court has the inherent power to promulgate rules governing the practice and procedure of the courts of this state"). The provisions of Rule 28 "supplement the remedies and procedures set forth" in the Act. Tenn. Sup. Ct. R. 28, § 1(A).

With respect to the issue we address in this appeal—the scope of cross-examination applicable to petitioners who choose to testify—the Act is silent. Both Tennessee Rule of Evidence 611(b) and Tennessee Supreme Court Rule 28, section 8(C)(1)(d) address the scope of cross-examination, however. In construing rules of procedure and the rules of this Court, we apply the rules of statutory construction. See Thomas v. Oldfield, 279 S.W.3d 259, 261 (Tenn. 2009) (applying the rules of statutory construction to construe the Tennessee Rules of Civil Procedure); Doe v. Bd. of Prof'l Responsibility, 104 S.W.3d 465, 469 (Tenn. 2003) (applying the rules of statutory construction to construe Tennessee Supreme Court Rule 9). Under the generally accepted rules of statutory construction, a special statute, or a special provision of a particular statute, will prevail over a general provision in another statute or a general provision in the same statute. See State v. Davis, 173 S.W.3d 411, 415 (Tenn. 2005); Arnwine v. Union Cnty. Bd. of Educ., 120 S.W.3d 804, 809 (Tenn. 2003); Woodroof v. City of Nashville, 192 S.W.2d 1013, 1015 (Tenn. 1946).

We apply the foregoing principle of statutory construction to determine whether Tennessee Rule of Evidence 611(b) or Tennessee Supreme Court Rule 28, section 8(C)(1)(d) controls the scope of cross-examination in this appeal. Rule 611(b) is the generally applicable rule, allowing unlimited cross-examination of all witnesses and permitting questions "on any matter relevant to any issue in the case, including credibility. . . ." Tenn. R. Evid. 611(b).[6] In contrast, Rule 28, section 8(C)(1)(d) is a specific rule that limits the scope of cross-examination in the following particular context and manner: "Under no circumstances shall petitioner be required to testify regarding the facts of the conviction which the petition attacks unless necessary to establish the allegations of the petition or necessary to the state's attempt to rebut the allegations of the petition." Id. Thus, with respect to the testimony of a post-conviction petitioner, the specific limitation provided in Rule 28, section 8(C)(1)(d) controls the scope of cross-examination and modifies the general rule provided in Rule 611(b).

---

[6] The traditional rule of wide-open cross-examination applied in Tennessee is no longer the majority rule in the United States. See 1 McCormick on Evidence § 21 at 115(Kenneth S. Broun ed., 6th ed. 2006). Unlike Tennessee, the majority of states embrace the approach adopted by the Federal Rules of Evidence and limit the scope of cross-examination to the matters testified to on direct examination. Id.; see also Neil P. Cohen et al., Tennessee Law of Evidence § 6.11[5][a], at 6-122 (5th ed. 2005) (stating that Tennessee Rule of Evidence 611(b) "rejects the federal 'limited' rule and adopts the traditional Tennessee view that permits cross-examination into any relevant matter, including credibility").

In the courts below, Petitioner relied exclusively upon his state and federal constitutional right against self-incrimination as support for his request for limited scope cross-examination, but Petitioner now agrees that Rule 28, section 8(C)(1)(d) applies to petitioners testifying at post-conviction proceedings. Nonetheless, Petitioner asks us to interpret Rule 28, section 8(C)(1)(d) as a declaration that the constitutional right against self-incrimination applies in the post-conviction context. We decline. This Court decides constitutional issues only when absolutely necessary for determination of the case and the rights of the parties. See State v. Thompson, 151 S.W.3d 434, 442 (Tenn. 2004); Owens v. State, 908 S.W.2d 923, 926 (Tenn.1995). Where an appeal can be resolved on non-constitutional grounds, we avoid deciding constitutional issues. Id. The plain language of Rule 28, section 8(C)(1)(d) affords the exact relief that Petitioner sought. Basing our decision on Rule 28, section 8(C)(1)(d) both addresses the issue and relief Petitioner sought in the courts below and honors the principle that courts should avoid resolving constitutional issues if an appeal may be resolved on non-constitutional grounds. For these reasons, we base our decision on Tennessee Supreme Court Rule 28, section 8(C)(1)(d), but decline to interpret this rule as a declaration that the constitutional right against self-incrimination applies in the post-conviction context. Resolution of the question of whether, and in what manner, the right against self-incrimination applies in the post-conviction context must wait for a case in which it is squarely presented.[7]

Nonetheless, we agree with Petitioner that Rule 28, section 8(C)(1)(d) addresses some of the same concerns that underlie the constitutional right against self-incrimination. Limiting the scope of cross-examination certainly reduces the risk that petitioners will be deterred from testifying by fear the State will elicit incriminating evidence on cross-

---

[7] We note that courts differ on this issue. Some courts have concluded that the constitutional right against self-incrimination does not extend to post-conviction proceedings. See, e.g., Gall v. Commonwealth, 702 S.W.2d 37, 45 (Ky. 1985) (rejecting the argument that Mr. Gall's Fifth Amendment right against self-incrimination applied when Mr. Gall testified at his post-conviction hearing and prevented the government from cross-examining him on matters not covered on direct examination); State v. Barone, 986 P.2d 5, 20 (Or. 1999) (holding that the right against self-incrimination did not preclude the government from compelling a co-defendant to testify at Mr. Barone's trial even though the co-defendant expressed an intent to file a post-conviction petition collaterally attacking his conviction); State v. Click, 768 So. 2d 417, 421 (Ala. Crim. App. 1999) (holding that the Fifth Amendment right against self-incrimination did not apply to Mr. Click's post-conviction testimony). On the other hand, other courts have concluded that the constitutional right against self-incrimination may extend to the post-conviction context. See, e.g., People v. Edgeston, 623 N.E.2d 329, 339-40 (Ill. 1993) (holding that a witness could not be compelled to testify at Mr. Edgeston's trial because the witness had expressed an intent to challenge his guilty plea in a collateral proceeding); Commonwealth v. Rodgers, 372 A.2d 771, 781 (Pa. 1977) (holding that when a witness who is preparing a collateral attack upon a conviction that has been finalized on appeal invokes the right against self-incrimination, the trial court "must consider all the circumstances and decide whether the witness has reasonable cause to apprehend danger of self-incrimination").

examination for use at a retrial should post-conviction relief be granted.[8]  This limitation on the scope of cross-examination also recognizes that petitioners must prove factual allegations by clear and convincing evidence and often will be required to testify in order to meet this burden, as both the Act and Rule 28, section 8(C)(1)(b) contemplate.  Indeed, in most instances, only petitioners and their attorneys will have personal knowledge of the factual circumstances relevant to claims of ineffective assistance of counsel.  Because the facts of an underlying conviction are not always relevant to claims for post-conviction relief, Rule 28, section 8(C)(1)(d) precludes the State from cross-examining petitioners about the facts of an underlying conviction "unless necessary to establish the allegations of the petition or necessary to the [S]tate's attempt to rebut the allegations of the petition."  Rule 28, section 8(C)(1)(d) thus strikes an appropriate balance between the burden of proof a petitioner bears to establish grounds for post-conviction relief and "the State's interest in 'the orderly administration of justice in collateral attacks'" upon criminal convictions.  State v. McClintock, 732 S.W.2d 268, 272 (Tenn. 1987) (quoting Luttrell v. State, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982)).

Here, Petitioner sought the limited scope cross-examination that Tennessee Supreme Court Rule 28, section 8(C)(1)(d) provides.  Petitioner asked "to preclude questions directly related to the factual allegations of the criminal charges for which he was convicted in this case."  Petitioner also asked for permission to testify "without being subject to cross-examination concerning the offense."  Petitioner asserted that his testimony would not "discuss in any way the factual circumstances related to the crimes for which he was charged or convicted."  Given lead trial counsel's physical inability to testify and trial co-counsel's inability to recall details of the representation, Petitioner's testimony about the factual allegations supporting his claim of ineffective assistance of counsel was critical to his ability to prove his claim of ineffective assistance of counsel by clear and convincing proof.  Accordingly, under the circumstances of this case, we conclude that Petitioner is entitled to a new post-conviction hearing at which he shall be afforded an opportunity to testify subject to the limited scope cross-examination provided in Rule 28, section 8(C)(1)(d).  See Pylant v. State, 263 S.W.3d 854 (Tenn. 2008) (remanding for a new post-conviction hearing).  In light of the necessity of a remand, the other issues Petitioner raised in this appeal are pretermitted.[9]

---

[8] The admissibility of such incriminating evidence would be an issue for determination by the trial judge presiding at the retrial after post-conviction relief had been granted.  Cf. Simmons v. United States, 390 U.S. 377, 394 (1968) (holding that "when a defendant testifies in support of a motion to suppress evidence on Fourth Amendment grounds, his testimony may not thereafter be admitted against him at trial on the issue of guilt unless he makes no objection").

[9] Petitioner raised the following additional issues: 1)Whether trial counsel were ineffective for failing
(continued...)

**Conclusion**

Because Petitioner was deprived of the limited scope cross-examination provided in Rule 28, section 8(C)(1)(d), the judgments of the post-conviction trial court and the Court of Criminal Appeals are vacated. This matter is remanded to the post-conviction trial court for a new post-conviction hearing at which Petitioner shall be afforded the right to testify subject to the limited scope cross-examination provided in Rule 28, section 8(C)(1)(d). The post-conviction trial court shall schedule and conclude the new evidentiary hearing as expeditiously as possible.

_____
CORNELIA A. CLARK, CHIEF JUSTICE

---

[9](...continued)

to conduct a reasonable and timely investigation; 2)Whether appellate counsel was ineffective; 3)Whether trial counsel were ineffective during jury selection and thereby deprived Petitioner of his right to be tried by a qualified jury; 4)Whether the ineffectiveness of trial counsel and the State's misconduct resulted in this Court making erroneous findings in its decision on direct appeal which prejudiced Petitioner; 5)Whether the prosecution's decision to charge Petitioner with first degree murder and seek the death penalty, rather than allowing Petitioner to plead guilty to second degree murder, violated Petitioner's rights under the state and federal constitutions; 6)Should this Court re-evaluate the proportionality of Petitioner's death sentence in light of the additional evidence presented at the post-conviction hearing; and 7)Whether Petitioner's sentence of death violates the United States and Tennessee Constitutions.