IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 20, 2017

## CHRISTOPHER M. HEATH v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Williamson County**
No. CR099064    Joseph Woodruff, Judge
_____

**No. M2016-01906-CCA-R3-PC**
_____

Petitioner, Christopher M. Heath, was convicted of driving under the influence ("DUI"), fifth offense, and second offense driving on a cancelled, suspended, or revoked driver's license. He received an effective sentence of fifteen months. There was no direct appeal. Petitioner sought post-conviction relief. After a hearing at which Petitioner did not appear and did not present any proof, the post-conviction court dismissed the petition. Petitioner appeals from the denial of post-conviction relief. After a review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT H. MONTGOMERY, JR., JJ., joined.

Matthew J. Crigger, Brentwood, Tennessee, for the appellant, Christopher M. Heath.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Kim Helper, District Attorney General; and Carlin Hess, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Petitioner was indicted in May of 2013 by the Williamson County Grand Jury for DUI; DUI with a blood alcohol content equal to or greater than .08%; DUI with a blood alcohol content equal to or greater than .20%; driving on a cancelled, suspended, or revoked driver's license; DUI fifth offense; and second offense driving on a cancelled, suspended, or revoked driver's license. The matter proceeded to trial in August of 2014.

At trial, Deputy Mark Livengood of the Williamson County Sheriff's Office testified that he arrived at the scene of a one-car accident where he found Petitioner at the scene. Petitioner was standing near the vehicle which was in a ditch with the engine still running. The vehicle was discovered to be registered to Petitioner, whose license was revoked. Deputy James Gillam, another officer who responded to the call, confirmed that there were empty beer cans and an empty liquor bottle inside the vehicle and that Petitioner smelled heavily of alcohol. Petitioner was described as unsteady on his feet and told Deputy Livengood two or three times that he was "going to jail." Petitioner performed poorly on a finger dexterity test while seated on the hood of Deputy Gillam's vehicle and informed the deputy that he had "more" drinks than the officer could "imagine."

After signing the implied consent form, a blood alcohol test revealed Petitioner's blood alcohol content was .31. Neither of the officers who responded to the scene directly asked Petitioner if he was driving the vehicle when it wrecked, and neither officer saw Petitioner behind the wheel of the vehicle. Deputy James Gillam explained that there was no one "in the immediate area of the vehicle," and Petitioner never told the officers that anyone else was driving.

The jury convicted Petitioner of the offenses as charged in the indictment. The parties stipulated that the conviction was Petitioner's fifth offense for DUI and second offense for driving on a cancelled, suspended, or revoked driver's license. The trial court merged the convictions for DUI, DUI with a blood alcohol content equal to or greater than .08%, DUI with a blood alcohol content equal to or greater than .20%, and DUI fifth offense. The trial court also merged the two convictions for driving on a cancelled, suspended, or revoked driver's license. As a result, Petitioner received a total sentence of fifteen months to be served at thirty percent for the DUI conviction and a sentence of eleven months and twenty-nine days for the driving on a cancelled, suspended, or revoked driver's license conviction. The sentences were ordered to be served concurrently.

Trial counsel for Petitioner failed to file a notice of appeal. As a result, there was no direct appeal of the convictions. Petitioner filed several pro se motions, including: (1) a petition for ineffective assistance of counsel; (2) a motion for a copy of the preliminary hearing and trial transcripts; (3) a motion for new trial; (4) a motion for a restricted license; and (5) a motion to reduce his sentence. In the pro se petition for ineffective assistance of counsel, Petitioner alleged that trial counsel was ineffective for failing to subpoena a witness, for failing to inform Petitioner of the right to appeal his convictions, and for failing to defend Petitioner to the best of his ability.

Post-conviction counsel was appointed and an amended petition was filed. In the amended petition, the following were raised as allegations of ineffective assistance of

counsel: (1) trial counsel's failure to subpoena Kenneth Parker "within a reasonable amount of time prior to trial"; (2) trial counsel's failure to discuss the right of appeal with Petitioner; and (3) trial counsel's failure to file a motion for new trial.

Post-conviction counsel introduced a copy of a subpoena issued for witness Kenneth Parker to appear at the post-conviction hearing and an affidavit from trial counsel as an attachment to the amended petition for post-conviction relief. In the affidavit, trial counsel stated that he was appointed to represent Petitioner at trial. Trial counsel explained that the case was set for trial three different times. The first setting ended in a mistrial as a result of statements made by Petitioner's sister in the presence of prospective jurors. Petitioner failed to appear at the second setting of the trial. On the third trial date, Petitioner was convicted. Trial counsel explained the following with regard to Mr. Parker's appearance:

> Approximately a week prior to the first setting of the trial, Mr. Kenneth Earl Parker . . . willingly came to my office and during my interview of him, stated that he was the one that was driving the vehicle in question and at the time in question as it relates to [Petitioner's] February 25, 2013 arrest for DUI.

> Mr. Parker willingly attended the first setting of the trial with the intent to testify on behalf of [Petitioner]. During a pretrial hearing the Court ruled to exclude his testimony based on the fact that [Petitioner] failed to timely [file a] notice of alibi. . . .

> Prior to the second setting of the trial, I requested a subpoena for Mr. Parker. . . . I personally served Mr. Parker with the subpoena prior to trial at my office. Mr. Parker remained in contact with me and willingly participated in calls and met with me in preparation for the second trial date.

> Mr. Parker was present and prepared to testify at the second setting of the trial.

> Prior to the third setting, I was no longer able to get in contact with Mr. Parker. It was relayed to me indirectly that he was refusing to testify on [Petitioner's] behalf. I did not request a subpoena for Mr. Parker until . . . 2 days before the trial was set to begin.

> I was unable to otherwise secure the attendance of Mr. Parker at trial.

Upon [Petitioner's] convictions . . . , I failed to advise [Petitioner] regarding his right to an appeal and that the State would pay for the costs and attorney's fees for an appeal if he is found to be indigent.

I failed to file a timely motion for a new trial on behalf of [Petitioner].

At the hearing on the petition for post-conviction relief, Petitioner did not present any evidence. In fact, Petitioner himself did not even appear at the hearing. According to post-conviction counsel, Petitioner "travels around" working construction and has "to rely on others for transportation" because he does not have a driver's license. Post-conviction counsel argued that the petition did not "raise any substantial questions of facts or events to which the Petitioner participated," so it was unnecessary for Petitioner to testify or even appear at the hearing. Counsel for the State objected to "going forward" with the hearing without Petitioner present, arguing that Tennessee Code Annotated section 40-30-110(a) required the appearance of Petitioner at the hearing on the petition.

Post-conviction counsel explained that he originally intended to present the testimony of trial counsel and the testimony of the "key material witness," Mr. Parker. Post-conviction counsel attempted to subpoena Mr. Parker on July 1, 2016, in advance of the July 19, 2016 hearing on the petition. The subpoena came back unserved and the officer wrote on the subpoena that Mr. Parker "was avoiding service." Post-conviction counsel asked the post-conviction court for a continuance and to "issue a capias and set a material witness bond for Mr. Parker." The State asked the post-conviction court to dismiss the petition with prejudice on the basis that Petitioner was not present. The parties argued at the hearing about whether Petitioner's attendance was actually required by Tennessee Code Annotated section 40-30-110(a).

At the conclusion of the hearing, the post-conviction court discussed the issue of whether Petitioner's attendance at the hearing was required by Tennessee Code Annotated section 40-30-110(a). The post-conviction court determined that according to the statute, "if the Petition raises substantial questions of fact as to events in which the petitioner participated, then the petitioner shall appear and give testimony at the evidentiary hearing." The post-conviction court commented:

[T]he fact of the matter is the right to pursue post[-]conviction relief is one that is not constitutionally required. It is granted by Statute. Petitioners who seek that remedy have to turn square corners with the State as it relates to the procedures applicable to post[-]conviction matters.

. . . .

- 4 -

I don't see any alternative granted by the Statute for a Petitioner to raise substantial questions of fact as [to] events in which the Petitioner participated and then simply decide not to show up at the hearing. I don't think the Statute gives me any discretion in respect to that because it says, "the Petitioner shall appear and give testimony."

But even if I did have discretion, based upon the facts of this case, I don't think I would exercise my discretion for the benefit of the Petitioner in this particular setting. Not based upon the facts that I've had presented to me today, the record as a whole, I find that . . . the Petitioner's failure to appear is voluntary. And as such, I think his Petition is due to be dismissed because he has raised substantial questions of fact as to events in which he participated. And notwithstanding the mandatory provisions of the Statute he is not here and has offered no . . . reasons why he's not here. And so for those reasons, I'm ordering that the Petition be dismissed.

In a written order entered on July 26, 2016, the post-conviction court dismissed the petition for relief on the basis that Petitioner was not present at the hearing and his presence was required by Tennessee Code Annotated section 40-30-110(a). Petitioner filed an untimely notice of appeal on September 9, 2016.

*Analysis*

*A. Untimely Notice of Appeal*

Prior to resolving any of the underlying issues presented by Petitioner on appeal, this Court must determine whether the interests of justice necessitate the waiver of timely filing of the notice of appeal. Petitioner acknowledges that his notice of appeal, filed forty-five days after the order dismissing the petition for post-conviction relief, is untimely. Petitioner "does not have an excuse for failing to file a notice of appeal on time" but argues that "justice" would be served by resolution of his issues on appeal and that there would be no prejudice to the State as a result of waiving the timely filing of the notice of appeal. The State, citing *State v. Roy Thomas Rogers*, No. W2015-00988-CCA-R3-CD, 2016 WL 1045352, at *2 (Tenn. Crim. App. Mar. 15, 2016), *no perm. app. filed*, contends that Petitioner's "failure to identify a reason for the delay militates against a waiver in the interest of justice." This Court does not endorse or encourage the untimely filing of a notice of appeal. However, we recognize that the notice of appeal is not jurisdictional. *See* Tenn. R. App. P. 4(a). Additionally, Petitioner, unlike the defendant in *Roy Thomas Rogers*, has asked this Court to waive the timely filing of the notice of appeal. In this case, we waive the timely filing of the notice of appeal in order to resolve Petitioner's issues.

## B. Post-Conviction Standard of Review

Post-conviction relief is available for any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. In order to prevail in a claim for post-conviction relief, a petitioner must prove his factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999). On appeal, this Court will review the post-conviction court's findings of fact "under a de novo standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). This Court will not re-weigh or re-evaluate the evidence presented or substitute our own inferences for those drawn by the trial court. *Henley*, 960 S.W.2d at 579. Questions concerning witness credibility, the weight and value to be given to testimony, and the factual issues raised by the evidence are to be resolved by the post-conviction court. *Momon*, 18 S.W.3d at 156 (citing *Henley*, 960 S.W.2d at 578). However, the post-conviction court's conclusions of law and application of the law to the facts are reviewed under a purely de novo standard, with no presumption of correctness. *Fields*, 40 S.W.3d at 458.

## C. Petitioner's Decision Not to Appear or Testify at the Evidentiary Hearing

In denying relief, the post-conviction court specifically found that Petitioner's refusal to attend the hearing and testify as to the basis for his claims of ineffective assistance of counsel led to the failure to meet the burden of proof and, ultimately, was the basis for the dismissal of the petition. Petitioner argues on appeal that his presence was not required at the hearing on the petition for post-conviction relief because "the petition did not raise substantial questions of fact as to events in which [he] participated." The State disagrees, arguing instead that Petitioner's presence was mandatory under the statute and that he failed to sustain his burden to support a grant of post-conviction relief without presenting evidence on his behalf.

The right to post-conviction relief is not a constitutional right; it is a creature of statute. *See* T.C.A. § 40-30-101 *et seq*; *see also Serrano v. State*, 133 S.W.3d 599, 604 (Tenn. 2004) (citing *Burford v. State*, 845 S.W.2d 204, 207 (Tenn. 1992)). To initiate the process, a petitioner is required to file a written petition with the clerk of the court in which the conviction occurred, including "all known claims for relief *and* a full disclosure of the factual basis of each claim for relief." *Keough v. State*, 356 S.W.3d 366, 370 (Tenn. 2011) (emphasis in original). The petitioner also must verify under oath the claims and factual allegations of the petition. T.C.A. § 40-30-104(d)-(e). The petitioner is required to present clear and convincing proof of all factual allegations at an

evidentiary hearing on the petition. T.C.A § 40-30-110(f). Embedded within the Post-conviction Procedure Act is a provision which "contemplates that the petitioner's testimony will be necessary to satisfy this burden of proof." *Keough*, 356 S.W.3d at 370 (citing T.C.A. § 40-30-110(a)). Specifically, Tennessee Code Annotated section 40-30-110(a) provides:

> The petitioner shall appear and give testimony at the evidentiary hearing if the petition raises substantial questions of fact as to events in which the petitioner participated, unless the petitioner is incarcerated out of state, in which case the trial judge may permit the introduction of an affidavit or deposition of the petitioner and shall permit the state adequate time to file any affidavits or depositions in response the state may wish.

*See also* Tenn. Sup. Ct. R. 28 § 8(C)(1)(b) ("Petitioner shall testify at the evidentiary hearing if the petition raises substantial issues of facts, unless petitioner is incarcerated out of state.").

"All that due process requires in the post-conviction setting is that the defendant have 'the opportunity to be heard at a meaningful time and in a meaningful manner.'" *Stokes v. State*, 146 S.W.3d 56, 61 (Tenn. 2004) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). Our supreme court had held that if a petitioner is "given the opportunity to present proof and argument on the petition for post-conviction relief," he has received a full and fair hearing. *House v. State*, 911 S.W.2d 705, 712 (Tenn. 1995). This Court has determined that a petitioner who chooses "not to avail himself of that opportunity" can "effectively [waive] his right to a post-conviction proceeding." *David Avery v. State*, No. M2011-02625-CCA-R3-PC, 2012 WL 6570737, at *5 (Tenn. Crim. App. Dec. 17, 2012), *perm. app. denied* (Tenn. Mar. 20, 2013).

Of course, in order to establish ineffective assistance of counsel, a petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under the two prong test established by *Strickland v. Washington*, 466 U.S. 668, 687 (1984), a petitioner must prove that counsel's performance was deficient and that the deficiency prejudiced the defense. *See Burnett v. State*, 92 S.W.3d 403, 408 (Tenn. 2002). Because a petitioner must establish both elements in order to prevail on a claim of ineffective assistance of counsel, "failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley*, 960 S.W.2d at 580.

As previously noted, Petitioner was not present at the evidentiary hearing. A similar situation presented itself to this Court in *Donald Ragland v. State*, No. W2012-00743-CCA-R3-PC, 2013 WL 967769, at *4 (Tenn. Crim. App. Mar. 8, 2013), *perm. app. denied* (Tenn. July 12, 2013). In *Donald Ragland*, the petitioner raised allegations

of ineffective assistance of counsel and was actually present at a post-conviction hearing but refused to testify. On appeal from the denial of post-conviction relief, the petitioner argued that the post-conviction court erred by not forcing him to testify. *Id.* at *4. This Court determined:

> [t]he Petitioner's argument runs contrary to both the letter and the spirit of the Post-Conviction Procedure Act. The Post-Conviction Procedure Act places a high burden on the petitioner to prove all allegations of fact by clear and convincing evidence. As such, it requires a petitioner to testify 'if the petition raises substantial questions of fact as to events in which the petitioner participated.' [T.C.A.] § 40-30-110(a). This requirement is a logical extension of the burden that petitioners prove their factual allegations by clear and convincing evidence and it is designed to prevent petitioners from attempting to circumvent that burden by withholding evidence only they can provide. A petitioner may refuse to testify and risk the consequences of such a decision. However, a petitioner's knowing and voluntary decision not to testify at a[n] evidentiary hearing does not invalidate the entire post-conviction proceedings. To hold otherwise would require this [C]ourt to depart from sense and reason.

*Donald Ragland*, 2013 WL 967769, at *4. We find this reasoning persuasive.

Here, post-conviction counsel attached to his amended petition merely an affidavit of trial counsel and a return on an unserved subpoena for a witness who, allegedly, would have exonerated Petitioner. There was no live testimony offered, and Petitioner was not present at the hearing. The post-conviction court ultimately determined that the petition should be dismissed on the basis of Petitioner's failure to appear or testify at the hearing as mandated by Tennessee Code Annotated section 40-30-110(a). Now, on appeal, Petitioner is chiefly complaining about trial counsel's failure to provide an alibi witness at trial—certainly a "substantial question of fact as to events in which [Petitioner] participated." T.C.A. § 40-30-110(a). The trial transcript, included in the record on appeal, contained testimony only from witnesses for the State, none of whom claimed to see Mr. Parker at the scene of the accident. Petitioner did not testify at trial or at the post-conviction hearing that he was not the driver of the car. In addition, he failed to present any witnesses at the post-conviction hearing to indicate otherwise.[1]

To grant Petitioner's requested relief on such thin post-conviction proceedings, particularly when Petitioner is to prove all allegations of fact by clear and convincing

---

[1] We acknowledge Petitioner's argument that the post-conviction court improperly failed to grant a continuance to allow Petitioner to secure the attendance of Mr. Parker. We will address this issue below.

evidence, would require this Court to "depart from sense and reason." *Donald Ragland*, 2013 WL 967769, at \*4. The record does not preponderate against the post-conviction court's determination that by failing to testify or present any evidence at the hearing with regard to the alibi witness, Petitioner has failed to satisfy his burden.

Likewise, the only proof at the hearing with regard to trial counsel's failure to file a motion for new trial is the mere affidavit of trial counsel attached to the amended petition for post-conviction relief. We acknowledge that, in some cases, counsel's failure to file a timely motion for new trial may be "so deficient that it becomes presumptively prejudicial." *Wallace v. State*, 121 S.W.3d 652, 657 (Tenn. 2003) (citing *United States v. Cronic*, 466 U.S. 648 (1984)). That is, "when 'counsel entirely fails to subject the prosecution's case to meaningful adversarial testing,' the process becomes 'presumptively unreliable' and proof of actual prejudice is not required." *Id.* (quoting *Cronic*, 466 U.S. at 659). In *Wallace*, the Tennessee Supreme Court determined that counsel's failure to file a timely motion for new trial constitutes "abandonment . . . at such a critical stage of the proceedings" and results in "the failure to preserve and pursue the available post-trial remedies and the complete failure to subject the State to the adversarial appellate process." *Id.* at 658. However, the court "declin[ed] to adopt a per se rule regarding a trial counsel's failure to file a motion for new trial," instead adopting the following test to determine when counsel's deficiency is presumptively prejudicial: "[A] petitioner in a post-conviction proceeding must establish that he or she intended to file a motion for new trial and that but for the deficient representation of counsel, a motion for new trial would have been filed raising issues in addition to sufficiency of the evidence." *Id.* at 659.

Ordinarily, we would have no hesitation in concluding that trial counsel's failure to file a motion for new trial on behalf of Petitioner was deficient performance, satisfying the first prong of the *Strickland* test. In this case, however, the only proof of trial counsel's failure to file the motion was an affidavit from trial counsel attached to the petition. Although "[a]ffidavits . . . available to the petitioner supporting the allegations of the [post-conviction] petition may be attached to it," T.C.A. § 40-30-104(e), it is well-established that affidavits are generally inadmissible at evidentiary hearings:

> An affidavit is ordinarily not admissible to prove facts in issue at an evidentiary hearing, because it is not subject to cross examination and would improperly shift the burden of proof to the adverse party. . . . Affidavits are generally not competent evidence unless provided by statute. . . . As a general rule, a party is not permitted to create an issue of fact by submitting a[n] affidavit whose conclusions contradict a prior deposition or other sworn testimony.

*State v. Amy Jo Blankenship*, No. M2002-01878-CCA-R3-CD, 2004 WL 508500, at *4 (Tenn. Crim. App. Mar. 16, 2004) (quoting 3 Am. Jur. 2d Affidavits § 19 (2002)) (finding appellant's affidavit alleging that the public defender's office had coerced her into pleading guilty failed to fulfill her burden of establishing why her guilty pleas should be withdrawn pursuant to Tennessee Rule of Criminal Procedure 32(f)), *perm. app. denied*, (Tenn. Oct. 11, 2004); *see also Kenneth Bartley v. State*, No. E2011-01603-CCA-R3-PC, 2013 WL 967737, at *15 (Tenn. Crim. App. Mar. 11, 2013) (determining the trial court improperly admitted and considered an affidavit as evidence at a post-conviction hearing), *no perm. app. filed*; *State v. Ricky Brandon and Jimmy W. Brandon*, No. M2002-00073-CCA-R3-CD, 2002 WL 31373470, at *3 (Tenn. Crim. App. Oct. 15, 2002) (determining affidavits of appellants alleging facts supporting their ineffective assistance of counsel claims failed to fulfill their burden of proving the factual allegations by clear and convincing evidence), *perm. app. denied* (Tenn. Feb. 24, 2003). Furthermore, "affidavits are incapable of credibility assessment, which is oftentimes pivotal in determining ineffective assistance of counsel claims." *Amy Jo Blankenship*, 2004 WL 508500, at *4; *Ricky Brandon*, 2002 WL 31373470, at *3. Therefore, we will not consider the information contained in trial counsel's affidavit in determining whether Petitioner established deficient performance for the failure to file a motion for new trial. Consequently, Petitioner is unable to establish the first prong of *Strickland* and is not entitled to post-conviction relief.

Furthermore, Petitioner also fails to establish that, but for trial counsel's deficient performance, his motion for new trial would have contained issues in addition to sufficiency of the evidence. *Wallace*, 121 S.W.3d at 659. In his brief to this Court, Petitioner asserts that his "late-filed *pro se* motion for a new trial and request for transcript of the evidence demonstrate that [Petitioner] was desirous of seeking an appeal of his convictions and would have done so, but for the deficient representation of counsel." Petitioner does not allege on appeal that he would have raised any issues other than sufficiency, instead pointing to the mere fact that he filed a motion for new trial as proof that he was desirous of seeking an appeal. The motion for new trial filed by Petitioner states:

(1) I was not told I could appeal a trial case
(2) ineffective assistance of counsel
(3) my witness was not subpoena to the court room
(4) I would like to testify for myself
(5) I am still in jail for this charg[e] I do not have access to any law book's to help me with this
(6) I was not told about any motion I could file to help me
(7) my witness was allowed in the tr[ia]l
(8) with me in jail I could not go find my witness

The post-conviction court determined that Petitioner's pro se motion for new trial was not clear and "need[ed] to be flushed out" by testimony from the Petitioner because there were "factual assertions" in the petition that were unclear. Specifically, the post-conviction court pointed to numbers (6), (7), and (8) in Petitioner's motion because they raised substantial questions of fact as to events in which Petitioner participated. In other words, Petitioner was required to appear and testify at the hearing pursuant to Tennessee Code Annotated section 40-30-110(a). Implicit in this ruling is a determination that Petitioner failed to show that he would have raised issues other than sufficiency of the evidence on appeal. *See Wallace*, 121 S.W.3d at 659. We agree. While we recognize Petitioner filed the motion pro se, the statements and allegations contained within the motion need explanation. The mere fact that Petitioner filed an untimely pro se motion for new trial, without his testimony to explain the motion and the relief sought, did not satisfy the burden required under *Wallace* to establish prejudice. In other words, we agree with the post-conviction court that Petitioner has failed to satisfy his burden. Petitioner is not entitled to relief on this issue, in large part due to his absence at the hearing and his failure to present witnesses to support his position. Petitioner is not entitled to relief on this issue.

## D. Denial of Continuance

Lastly, Petitioner complains that the post-conviction court erred by failing to grant a continuance so the court could issue a capias to secure Mr. Parker's presence as a witness. The State argues that the post-conviction court did not abuse its discretion.

"[T]he granting or denying of a continuance is a matter which addresses itself to the sound discretion of the trial judge." *Moorehead v. State*, 409 S.W.2d 357, 358 (Tenn. 1966) (citing *Bass v. State*, 231 S.W.2d 707 (Tenn. 1950)). An abuse of discretion is demonstrated by showing that the failure to grant a continuance denied the defendant a fair trial or that it could be reasonably concluded that a different result would have followed had the continuance been granted. *State v. Hines*, 919 S.W.2d 573, 579 (Tenn. 1995) (citing *State v. Wooden*, 658 S.W.2d 553, 558 (Tenn. Crim. App. 1983)). "The burden rests upon the party seeking the continuance to show how the court's action was prejudicial. The only test is whether the defendant has been deprived of his rights and an injustice done." *State v. Goodman*, 643 S.W.2d 375, 378 (Tenn. Crim. App. 1982) (citing *Baxter v. State*, 503 S.W.2d 226, 228 (Tenn. Crim. App. 1973)).

Post-conviction counsel asked for a continuance to secure the attendance of Mr. Parker at the hearing. The affidavit of trial counsel, submitted at the hearing, indicated that there were issues in securing Mr. Parker's presence at trial. In fact, trial counsel claimed he learned "indirectly" that the witness was "refusing to testify" for Petitioner at trial almost two years prior to the hearing on the post-conviction petition. Additionally, post-conviction counsel acknowledged that he had attempted to secure Mr. Parker's

presence for approximately four months prior to trial yet waited until the day of the hearing to ask for a continuance.  The post-conviction court determined that a decision on the motion for a continuance was not necessary based on Petitioner's failure to attend or testify at the post-conviction hearing.  Because we have determined Petitioner is not entitled to post-conviction relief, in great part due to his own failure to attend and testify at the hearing, we decline to find that the post-conviction court abused its discretion in denying a continuance.  Petitioner is not entitled to relief on this issue.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.


_____
TIMOTHY L. EASTER, JUDGE