FILED

02/05/2019

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNXOVILLE
November 27, 2018 Session

## STATE OF TENNESSEE v. TIMOTHY WAYNE WOODARD

**Appeal from the Criminal Court for Hamblen County**
**No. 16-CR-600      Alex Pearson, Judge**

---

### No. E2017-02307-CCA-R10-CD

---

In 2016, the Defendant, Timothy Wayne Woodard, was indicted for nine counts of removal of government records and nine counts of theft of property. The Hamblen County District Attorney's Office denied the Defendant's application for pre-trial diversion. The Defendant filed a motion to disqualify the district attorney's office from the case, alleging that its response to his application revealed a conflict of interest. After a hearing, the trial court found that the District Attorney's Office was not disqualified from considering the Defendant's application for pre-trial diversion. The Defendant filed application for extraordinary appeal, pursuant to Tennessee Rule of Appellate Procedure 10. After review, we affirm the trial court's judgment.

**Tenn. R. App. P. 10 Extraordinary Appeal; Judgment of the Criminal Court
Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JAMES CURWOOD WITT, JR., JJ., joined.

Paul G. S. Whetstone, Morristown, Tennessee, for the appellant, Timothy Wayne Woodard.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Dan E. Armstrong, District Attorney General, J. Bradley Mercer, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Background**

This case arises from the Defendant's theft of records from the Hamblen County Clerk's Office, apparently while he held a position of employment in the courthouse where the clerk's office was located. In 2016, the files were discovered in the basement of a nearby law office where the Defendant was working at the time. The Defendant's supervisor contacted the Jefferson County Sheriff's Department, who, along with members of the Hamblen County Sheriff's Department, investigated the case. The Defendant admitted to investigators that he had taken the files from the clerk's office and did not intend to return them. For these offenses, a Hamblen County Grand Jury indicted the Defendant for nine counts of removal of government records and nine counts of theft of property.

### a. Application for Pre-Trial Diversion

In March 2017, the Defendant filed an application for pre-trial diversion. In May 2017, the District Attorney General for Hamblen County, along with an assistant district attorney, sent the Defendant a letter denying the Defendant's application for pre-trial diversion. The letter summarized the facts of the Defendant's offenses and the reasons for the District Attorney's denial, including: (1) the Defendant's knowledge of the court system which imputed his knowledge that the theft of the files was unlawful; (2) the fact that the theft included confidential juvenile records; (3) the Defendant's failure to take responsibility for his actions; and (4) the Defendant's dishonesty in obtaining support from other legal professionals for his application. The letter also stated that the Defendant had been dishonest or not forthcoming with the District Attorney's Office in the past when he had applied for an internship at the office and referenced specific employees from the office who had knowledge of the Defendant's actions related to his internship. The letter stated that the District Attorney's Office was "considering the internship information" when choosing to deny the Defendant's application.

### b. Motion to Disqualify

Following his receipt of the May 2017 letter, the Defendant filed a motion to disqualify the District Attorney's Office from further action related to his case. In the motion, the Defendant alleged that the letter "allude[d] to matters personalities [sic] that pertain directly to [the District Attorney's Office]" and that, as the letter specifically mentioned the employees who were "directly involved" with the Defendant's internship, the office should be disqualified from further prosecution of his case. The Defendant further asserted that in considering his application for pre-trial diversion, the District Attorney's Office was performing a quasi-judicial function and thus would be subject to the rules of judicial conduct. The District Attorney responded, stating that, pursuant to Tennessee Rule of Professional Conduct 1.7 and the ensuing rules, no conflict of interest

existed sufficient to disqualify the entire office from the case. The trial court held a hearing on the motion, at which the District Attorney's Office's May 2017 letter was admitted into evidence as an exhibit. No other evidence was presented. At the conclusion of the hearing, the trial court stated the following:

> I don't think there was anything that was contained in [the letter] particularly about the statements from [employees of the office], that requires the exclusion of the district attorney's office. . . . . We're not here today to determine whether or not the district attorney's office has made the appropriate determination in using the necessary [statutory] criteria. However, what we are here for today is to determine whether or not just the knowledge of [the employees of the office], if that somehow prevents the District Attorney from doing his job or his designated assistant's job.

> And as I review [the May 2017 letter], those [employees of the office] are not witnesses to the crime that occurred [in the present case], and there's nothing that I can find that would require the [D]istrict [A]ttorney's office to recuse themselves or for me to exclude them from prosecuting this case.[1]

In November of 2017, the Defendant filed an application for permission to appeal pursuant to Tennessee Rule of Appellate Procedure 10, presenting the following issue for review:

> [W]hether the Office of the District Attorney General for the Third Judicial District should have been disqualified from the case based on a conflict of interest.

This court granted the Defendant's Rule 10 application for permission to appeal in March of 2018, stating that the State's reliance in its letter on evidence related to the Defendant's internship, wherein employees of the District Attorney's office could be potential witnesses, created at a minimum the appearance of impropriety. This court concluded that the trial court's ruling dismissing or mitigating this evidence showed a departure from "the accepted and usual course of judicial proceeding" sufficient to require review pursuant to Rule 10. We subsequently issued a stay pending the

---

[1] Following the trial court's denial of his motion to disqualify, the Defendant filed a petition for a writ of certiorari asking the trial court to review the district attorney's denial of his application for pre-trial diversion. The trial court granted the petition and a held a hearing on the petition, following which it issued an order affirming the district attorney's denial of the Defendant's application.

3

disposition of this appeal.

## II. Analysis

On appeal, the Defendant alleges that the trial court abused its discretion when it denied his motion to disqualify the District Attorney's Office from considering his application for pre-trial diversion. He contends that the office had a conflict of interest, as evidenced by the office's response letter to his application. The State responds that the record supports the trial court's refusal to disqualify the District Attorney's Office because the Defendant did not present evidence of actual impropriety. We agree with the State.

A trial court's ruling on attorney disqualification will be reversed only upon a showing of an abuse of discretion. *Clinard v. Blackwood*, 46 S.W.3d 177, 182 (Tenn. 2001) (citing *State v. Culbreath*, 30 S.W.3d 309, 312-13 (Tenn. 2000)). A trial court abuses its discretion whenever it "applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." *Id.* (citing *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)).

We begin by addressing the Defendant's claim that, due to its quasi-judicial role in the Defendant's case, the District Attorney's Office is subject to the Rules of Judicial Conduct, rather than the Rules of Professional Conduct governing attorneys. While we agree that the role of the prosecutor is always one of a quasi-judicial nature, *see Manning v. State*, 257 S.W.2d 6 (Tenn. 1953), it is well settled that a prosecutor's conduct is governed by specific rules codified within the Rules of Professional Conduct. Sup. Ct. Rules, Rule 8, RPC 3.8.

We turn now to decide whether the trial court abused its discretion when it denied the Defendant's motion to disqualify the District Attorney's Office. The trial court found that the employees allegedly involved with the Defendant's internship at the office, listed by name in the May 2017 letter, were not witnesses to the crime for which the Defendant sought pre-trial diversion. As such, the trial court found that there was not sufficient evidence warranting the recusal of the district attorney's office.

Tennessee Rule of Professional Conduct 1.10 is a general rule regarding the vicarious imputation of conflicts of interests, whereas RPC 1.11 is the specialized rule regarding the conflicts of interests of former and current government attorneys, and the principles of construction require the specialized rule to prevail over the general rule. *State v. Stephen Berline Orrick*, No. M2017-01856-CCA-R9-CD, 2018 WL 4961414, at *9 (Tenn. Crim. App., at Nashville, Oct. 15, 2018) (citing Tenn. Sup. Ct. Rule 8, RPC

4

1.11 and *Keough v. State*, 356 S.W.3d 366, 371 (Tenn. 2011)), *no perm. app. filed*. "A 'per se rule' of disqualification for a district attorney's office when an assistant district attorney general has a conflict of interests is inappropriate." *Orrick*, at \*4 (citing Tenn. Bd. Prof. Resp., Formal Op. No. 87-F-111, 1987 WL 1446637, at \*2 (Sept. 16, 1987)); *see also State v. Thomas Paul Odum*, No. E2017-00062-CCA-R3-CD, 2017 WL 5565629, at \*6-8 (Tenn. Crim. App. Nov. 20, 2017) (for the conclusion that a "per se disqualification rule based upon the appearance of impropriety expressed in *Clinard* was "more applicable to civil cases" and private attorneys than to criminal cases involving prosecutors) (citing *State v. Davis*, 141 S.W.3d 600, 613 (Tenn. 2004) and *State v. Coulter*, 67 S.W.3d 3, 32 (Tenn. Crim. App. 2001)), *perm. app. denied* (Tenn. Feb. 15, 2018). The rule governing disqualification due to either an actual or apparent conflict would not usually bar the entire office from prosecuting a defendant. *State v. Tate*, 925 S.W.2d 548, 556 (Tenn. Crim. App. 1995). "[T]he mere possibility of impropriety is insufficient to warrant disqualification." *Clinard*, 46 S.W.3d at 186-87. "'It cannot be a fanciful, unrealistic or purely subjective suspicion of impropriety that requires disqualification. The appearance of impropriety must be real.'" *Id.* (citing *United States v. Smith*, 653 F.2d 126, 128 (4th Cir. 1981)).

In the present case, the District Attorney's Office sent the Defendant a detailed letter denying his application for pre-trial diversion. In it, the assistant district attorney who authored the letter, also signed by the district attorney, addressed the factors that a prosecutor must focus on when granting or denying a defendant's application for pre-trial diversion, including: the Defendant's amenability to correction; whether the Defendant would or would not become a repeat offender; the Defendant's criminal record, social history, the physical and mental condition of the Defendant: and the likelihood that pretrial diversion would serve the ends of justice and the best interest of both the public and the Defendant. *See State v. Pinkham*, 955 S.W.2d 956, 959-60 (Tenn. 1997) (citing *State v. Hammersley*, 650 S.W.2d 352, 355 (Tenn. 1983) for the required factors). The letter included a recitation of the Defendant's employment history with the district attorney's office, which he had allegedly been untruthful about. The letter stated that this deceptive behavior, considered in tandem with the Defendant's behavior in the instant offenses, led to the conclusions that the Defendant was not amenable to correction nor would the public's interest be served by a granting of pre-trial diversion. The Defendant contends that this letter in and of itself provides evidence of a conflict of interest sufficient to require the disqualification of the district attorney's office. We respectfully disagree, and we conclude that there is no evidence of any actual impropriety requiring disqualification. We reiterate that the "mere possibility" of impropriety is not enough to necessitate disqualification. *Clinard*, 46 S.W.3d at 186-87. Because the Defendant has not presented evidence of anything other than a "suspicion" of impropriety, *see id.*, we conclude that the trial court did not abuse its discretion when it held that the district

attorney's office need not be disqualified from the Defendant's case. The Defendant is not entitled to relief.

## III. Conclusion

In accordance with the aforementioned reasoning and authorities, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE